[Civ. No. 11423.   Second Appellate District, Division Two.—July 14, 1937.]

SOPHIE MOST, Appellant, v. M. PASSMAN et al., Respondents, and Consolidated Cases.

Louis T. Fletcher and Louis Most for Appellant.

Harvey M. Parker and Merriam, Rinehart & Merriam for Respondents.

CRAIL, P. J.—This is an appeal from a judgment in favor of the defendants. The contention of the plaintiff on appeal is that the findings do not support the judgment but would support a judgment in her favor.

The court found that the plaintiff was the owner of an undivided one-half interest in certain real property in Pasadena and that Ben Chazan and Pearl Chazan, as joint tenants with each other, were the owners of the other undivided one-half interest; that on the first of January, 1931, the defendants M. Passman and Ben Chazan entered into a partnership agreement for the conduct of a furniture business under the firm name of Standard Furniture Company, and that said Standard Furniture Company has continued to occupy the premises from that date to the date of the decree; that on July 10, 1931, a new agreement was entered into between the partnership and the owners fixing the rental at $500 per month, and the rental of the plaintiff's half interest at $250 per month, upon a month to month tenancy; and that thereafter the partnership continued to occupy the whole of said property as tenants of the plaintiff as to her one-half interest therein upon a month to month tenancy; that on March 7, 1932, the partnership delivered to the plaintiff notice that her part of the rental would be $200 per month, making a total of $400, which was accepted by the plaintiff; that on April 7, 1933, they reduced the rental in the same manner so that her rental was $175 per month, making a total of $350, which she accepted; and that all rental which has accrued on the plaintiff's one-half interest has been paid in full up to and including the 31st day of January, 1936; and that the partnership has offered her $175 per month each month thereafter and plaintiff stated that said checks would not be received; that on the 30th day of December, 1935, the plaintiff served on the partnership a notice as provided for in section 827 of the Civil Code of California that on and after the first of February, 1936, the rental would be $250 per month, and that on the 30th day of January she served a notice as provided for in said section 827 that the rental for the property *and the whole of it* will be $500 per month

commencing the first day of March, 1936; and that on the 27th day of February, 1936, she served a similar notice under said section 827 increasing the rent to $600 a month from the first day of April, 1936, but neither Ben Chazan nor Pearl Chazan authorized the service of said notices and did not consent to an increase of rental; that the Standard Furniture Company has not paid the increased rentals nor anything to plaintiff on account of her one-half interest in the property for the period subsequent to February 1, 1936, but that an offer to pay rentals upon plaintiff's interest in said property at the rate of $175 has been made but refused by the plaintiff; and that the copartners have at all times been ready, able and willing to pay rental for plaintiff's one-half interest in said property at the rate of $175 per month.

As conclusions of law the court found that the other co-tenants had not authorized the plaintiff to prepare, sign or serve any such notices and that in doing so the plaintiff was not acting as their agent; that the notices purporting to increase the rental of the property which were served upon the partners were ineffectual to increase the rental of the property therein described in any sum or to any extent, and that the plaintiff is not entitled to recover from the defendants herein any sum whatever. Judgment was entered accordingly, including judgment against plaintiff for costs.

"The principal issue presented for determination is whether one co-owner has the right by her own sole act to arbitrarily raise and then sue for the entire rent on the common property which had theretofore been occupied by [a partnership composed of] the other co-owner and a third person pursuant to an express month to month tenancy under which the agreed monthly rental was payable to each co-owner?" The foregoing is the language of the respondent.

A tenant in common has no power to bind any of his cotenants by contract, and no action of one of them can impair the rights of the others. (7 Cal. Jur. 358, sec. 26.)
The law is well settled that a tenant in common of real estate is entitled to the possession of the same as against all the world save his cotenants, and may maintain ejectment or any other appropriate remedy for the purpose, and recover possession of the entire tract as against strangers to the title. (7 R. C. L. 906.) And by lease he may confer upon another person the right to occupy and use it as fully as he might himself. (7 Cal. Jur. 358, sec. 27.) But

where one tenant in common obtains judgment against a stranger for possession of the entire premises he cannot recover all the rents and profits but only a proportion thereof corresponding to his interest in the land. (7 Cal. Jur. 372.)

The furniture company was a stranger to the title. It is true that one of the partners owns a one-fourth interest in the property, but for some purposes a partnership has been held to be an entity (20 Cal. Jur. 680), and the partnership itself is a stranger to the title. Obviously the owners of the property would not agree among themselves to increase the rental.

The defendants quote with approval the following from 12 American Law Reports, 823: "In theory a lease of land by two or more tenants in common is not regarded as one lease by all of them of the premises in its entirety, but as several leases by the tenants in common of their undivided separate and respective shares." In a sense the lease from the plaintiff to the furniture company of her one-half interest was a separate transaction, and under section 384 of the Code of Civil Procedure she was authorized to commence a proceeding for the protection of her rights.

The defendants rely upon the case of *Jameson* v. *Chanslor-Canfield Oil Co.*, 176 Cal. 1 [167 Pac. 369], which held that a contract required the joint action of all parties to lay a foundation for a forfeiture, but there was no attempt here to lay a foundation for a forfeiture. Here was an attempt to make a new contract. Defendants say, "But we are not here concerned with her rights or remedies to her one-half interest. She undertook to arrogate to herself dominion over the property and the tenancy as a whole. This was the theory of her notices; it was the theory of her several suits." We cannot follow this reasoning. The whole included her half, and under all the circumstances the rental was increased as to her half. We see no reason, therefore, under the circumstances set forth in the findings why she would not be entitled to judgment for her share of the rents accruing in accordance with the notices she served.

On the record there is no need for a new trial of these issues. The trial court will enter judgment accordingly and for costs to the plaintiff.

Judgment reversed.

Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 12, 1937, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 7, 1937.