NATHAN E. NEEDLEMAN *v.* AMERICAN CLOTHING CO., INC.

(63 A2d 201)

November Term, 1948.

Present: MOULTON, C. J., BUTTLES, JEFFORDS and CLEARY, JJ., and ADAMS, Supr. J.

Opinion filed January 5, 1949.

*Raymond L. Miles* and *Rudolph J. Daley* for the plaintiff.

*Hubert S. Pierce* and *Arthur L. Graves* for the defendant.

JEFFORDS, J. This is an action of contract for the recovery of rent. It was brought under the common counts with specifications which set forth a claim to recover one third of the net income of the premises from March 1, 1946, on a basis of a monthly rental of $250.00.

The material facts in the case are undisputed. The plaintiff is a one third owner in common with Louis C. Needleman and the latter's wife of the rented premises. The defendant became a tenant of the premises in 1933 and its tenancy had continued up until the time of trial. On October 20, 1936, an agreement was signed by all of the owners of the premises fixing the rent at $166.66 per month. Louis C. Needleman was in 1936, and at the time of trial, the president and treasurer of the defendant. In February, 1946, he was notified both orally and in writing by the plaintiff through the latter's attorney that the defendant should pay rent at the rate of $250.00 a month. By a written notice dated April 12, 1947, addressed to the defendant, the plaintiff by his attorney stated that the rent since March 1, 1946, had been $3,000.00 a year and would continue so to be in the future. The basis for the giving of these notices was the one third interest in the rented premises owned by the plaintiff. The defendant has continued to occupy the premises paying rent of $166.66 per month, but nothing more. Since his first notice the plaintiff has not accepted any rent from the defendant.

At the close of the plaintiff's case each party moved for a directed verdict. The plaintiff's motion was denied and the defendant's was granted. The case is here on the plaintiff's exceptions.

The first exception relates to the admission of deft's ex. A, the written agreement of October 20, 1936, above referred to. The purpose of the exhibit, as stated, was to show the arrangement

under which the defendant has occupied the premises in support of its claim that it is a tenant from year to year in opposition, apparently, to the plaintiff's claim that the tenancy was one from month to month or at will. Various grounds were stated in opposition to the admission of the exhibit.

If the admission was error, which we do not decide, it was harmless error under the view we take of the case.

■■ The lower court properly directed a verdict for the defendant. The situation here presented is that of one co-tenant attempting to raise the rent of premises leased by him and his co-tenants without permission of the latter and, indeed, against the wishes of at least one of them. Inasmuch as the rent was fixed by the joint action of the co-tenants it must be altered by all of them concurring, either jointly or severally. A single co-tenant has no power, without the consent of the others, to change the amount of rent theretofore agreed upon by all of the co-tenants. *Nott* v. *Owens*, 86 Me 98, 29 A 943, 41 Am St Rep 525; *Howard* v. *Manning*, 79 Okla 165, 192 P. 358, 12 ALR 819; Cotenancy, 14 Am Jur secs. 84 and 87; Tenancy in Common, 62 CJ § 216. This rule, in principle, is recognized in our own cases. See *Martin* v. *Rutledge*, 94 Vt 258, 260, 110 A 222; *Lee* v. *Follensby & Peck*, 83 Vt 35, 39, 74 A 327, 138 Am St Rep 1061.

The necessity for joint action by co-tenants in a case such as this is also shown by the requirement that all must join as parties plaintiff in an action to recover the rent of property leased by them in that capacity. *Hines* v. *Schmell*, 257 F 69; *Marys* v. *Anderson*, 24 Pa 272; *Clapp* v. *Institution for Savings*, 15 RI 489, 8 A 697, 2 Am St Rep 915.

Our disposition of the case makes it unnecessary to determine the nature of the tenancy under which the defendant is occupying the premises in question.

*Judgment affirmed.*