680 P.2d 1267

William E. MORGA, Plaintiff-Appellant,

v.

Harry P. FRIEDLANDER and Susan O. Friedlander, his wife, Defendants-Appellees.

No. 1 CA–CIV 6392.

Court of Appeals of Arizona, Division 1, Department A.

April 19, 1984.

Norton, Burke, Berry & French, P.C. by Ronald L. Junck, Phoenix, for plaintiff-appellant.

Friedlander & Friedlander by Susan O. Friedlander, J. Jeff Richardson, Phoenix, for defendants-appellees.

## OPINION

GRANT, Judge.

In this appeal, we must decide whether the trial court erred in granting summary judgment in favor of appellees, Harry P. Friedlander (Friedlander) and Susan O. Friedlander, his wife, and against appellant, William E. Morga (Morga). We affirm.

## FACTS

On February 27, 1981, Morga filed a complaint against the Friedlanders seeking contribution and contractual damages with respect to a lease dated April 10, 1980. Morga alleged that Friedlander, acting on behalf of the community, failed to pay his share under the lease in question and that Friedlander also breached an oral agreement relating to the lease. The Friedlanders filed an answer as well as a verified

counterclaim in which they alleged tortious interference, conversion, and breach of contract. After a reply was filed to the verified counterclaim and discovery taken, both sides moved for summary judgment with respect to the complaint. Apparently the parties agreed that the case would be decided on cross motions for summary judgment.

The undisputed facts before the trial court established the following sequence of events. Friedlander and Morga as lessees signed a lease agreement dated April 10, 1980 with Steve Wallace as lessor. This lease related to the rental of law office space with the lease term for twenty-four months. Friedlander and Morga entered into an oral agreement with each other with respect to space and rental payment. They then occupied the leased space, but practiced law separately.

On January 5, 1981, Friedlander and those practicing with him moved out of the office in question. Friedlander had paid his share of the rent through and including the end of January, 1981. Subsequently, however, Friedlander did not make any additional rental payments. In order to avoid a default under the lease, Morga started paying the entire monthly rent.

On January 7, 1981, Morga changed the locks on the door to the office. At about the same time, Morga caused Friedlander's name to be removed from the glass front of the office.

After oral argument the trial court denied Morga's motion for summary judgment and granted the Friedlanders' motion for summary judgment. Judgment was entered and this appeal followed.[1]

## LAW

Morga contends that he is entitled to recover Friedlander's share of the rent from February, 1981 until the end of the lease term under either a contribution or contractual theory. The Friedlanders disa-

---

1. The judgment in the trial court did not dispose of the counterclaim. However, findings in accordance with rule 54(b), Arizona Rules of Civil Procedure, were incorporated into the judgment from which this appeal was taken.

gree contending that Morga ousted Friedlander and that such ouster precludes Morga's recovery. Morga, however, insists that he did not oust Friedlander and that even if he did, he is still entitled to recover since mere occupancy by one of the co-tenants does not constitute an ouster. *Stoltz v. Maloney*, 129 Ariz. 264, 630 P.2d 560 (App.1981).

The proper definition for the term "ouster" in the context of a co-tenancy is crucial here. The Alabama Supreme Court in *Spiller v. Mackereth*, 334 So.2d 859 (Ala. 1976), discussed the multiple meanings of "ouster," when it stated:

Ouster is a conclusory word which is used loosely in cotenancy cases to describe two distinct fact situations. The two fact situations are (1) the beginning of the running of the statute of limitations for adverse possession and (2) the liability of an occupying cotenant for rent to other cotenants. Although the cases do not acknowledge a distinction between the two uses of "ouster," it is clear that the two fact situations require different elements of proof to support a conclusion of ouster.

. . . .

... the essence of the finding of an ouster in the adverse possession cases is a claim of absolute ownership and a denial of the cotenancy relationship by the occupying cotenant.

In the Alabama cases which adjudicate the occupying cotenant's liability for rent, a claim of absolute ownership has not been an essential element. The normal fact situation which will render an occupying cotenant liable to out of possession cotenants is one in which the occupying cotenant refuses a demand of the other cotenants to be allowed into use and enjoyment of the land, regardless of a claim of absolute ownership.

334 So.2d at 861.

The Alabama court concluded that although a finding of ouster in adverse possession cases requires a showing of absolute ownership and a denial of the co-tenancy, a lesser showing is sufficient where

liability for rents is at issue. *Id.* at 861–62; *compare* 20 Am.Jur.2d *Co-Tenancy and Joint Ownership* § 43 (1965) *with* 3 Am. Jur.2d *Adverse Possession* § 6 (1962).

Courts in jurisdictions other than Alabama also recognize, at least implicitly, that a claim of absolute ownership is not a requirement for ouster in those cases not involving adverse possession. In *Northcutt v. McPherson*, 81 N.M. 743, 473 P.2d 357 (1970), the court stated that " [t]o constitute ouster there must be *some* express, open and unequivocal denial of the right to possession of the cotenant...." *Id.* at 745, 473 P.2d at 359 (emphasis added). The court in *Young v. Young*, 37 Md.App. 211, 376 A.2d 1151 (1977), stated it slightly different:

Ouster has been defined as a notorious and unequivocal act by which one cotenant deprives another of the right to the common and equal possession and enjoyment of the property.

*Id.* at 221, 376 A.2d at 1158; *see also Zaslow v. Kroenert*, 29 Cal.2d 541, 176 P.2d 1 (1946) (ouster must be proved by acts of an adverse character). Since the instant case does not involve an adverse possession claim, those cases cited by Morga involving adverse possession are not particularly relevant here. *See Foshee v. Foshee*, 278 Ala. 205, 177 So.2d 99 (1965); *Tarver v. Tarver*, 258 Ala. 683, 65 So.2d 148 (1953); *Dimmick v. Dimmick*, 58 Cal.2d 417, 374 P.2d 824, 24 Cal.Rptr. 856 (1962); *Redfearn v. Kuhia*, 53 Hawaii 378, 494 P.2d 562 (1972); *Quates v. Griffin*, 239 So.2d 803 (Miss.1970); *Heggen v. Marentette*, 144 N.W.2d 218 (N.D.1966).

■ Both sides here agree that occupation of the whole by one co-tenant standing alone is never presumed to be adverse to the other co-tenants. 4A Powell, *The Law of Real Property* ¶ 603, p. 610 (1982). *See also Northcutt v. McPherson*. However, special facts can make it clear that the occupying co-tenant has ousted his co-tenants and has claimed as an individual more than his due as a co-tenant. 4A Powell, *supra*, at ¶ 603, p. 611 (1982). In this case, we conclude that Morga has claimed more

than his due as a co-tenant in at least three respects.

■ First, Morga has interfered with Friedlander's right of entry. *See generally* 86 C.J.S., *Tenancy in Common*, § 19 (1954). When Friedlander moved out of the office in question, Morga changed the locks. Morga, in his affidavit, asserted that the locks were changed in order to protect the confidential files of clients and that at the time of the change, several people not occupying the office in question had keys to the premises. While the changing of locks in itself may not establish ouster, *cf. Spiller v. MacKereth* (placing locks on building, without evidence of intent to exclude other co-tenants, is insufficient to establish liability to pay rent), the evidence here is undisputed that Morga intended to restrict his co-tenant's right of entry. In a letter dated January 13, 1981, Morga told Friedlander the following:

> Since you have now removed all of your belongings, there is no further need for you to have access to this complex, unless you decide to move back in, and the locks on the doors have been changed accordingly.

Thus, there is evidence to show that Morga intended to exclude Friedlander.

■ Morga attempts to counter this argument by insisting that there was not a total exclusion and that Friedlander could have entered during working hours if he needed access to the office in question. Furthermore, Morga emphasizes that he left the premises open on January 10, 1981, so that Friedlander could remove his belongings. However, the answer to Morga's argument is that Morga, while not claiming absolute possession of the office in question, was certainly claiming more than his due as a co-tenant. Morga and Friedlander each had equal rights with respect to the office in question and it was not for Morga to claim superior rights.

The second area in which Morga asserted a superior right was in removing Friedlander's name from the office glass front.

Morga does not contest the fact that he caused Friedlander's name to be removed from the office glass front.

■ The third area in which Morga claimed more than his due as a co-tenant was in his interference with Friedlander's right to lease the common property to the extent of his interest. In *Jackson v. Low Cost Auto Parts, Inc.*, 25 Ariz.App. 515, 544 P.2d 1116 (1976), the court recognized a co-tenant's right to lease when it stated that:

> It is also true that one co-owner may lease the common property without consent of the other co-owners to the extent of his interest, the effect of which is to confer on the lessee the right to share a possession of the property with the other co-owners for the term of the lease. *Johnston v. DeLay*, 63 Nev. 1, 158 P.2d 547 (1945).

25 Ariz.App. at 516–17, 544 P.2d at 1117–18. Here, in a letter dated February 2, 1981, Morga told Friedlander that "[t]he only right that you have is to occupy the space." This position was emphasized again in a letter from Morga to Friedlander on February 10, 1981, wherein Morga stated:

> I have always indicated and have stated in writing that you could return to this space anytime that you want; but you *could not*, I repeat, could not obligate me to accept tenants that you find to utilize the space that you left.... (emphasis in original)

Hence, Morga has interfered with Friedlander's right to lease his interest.[2]

■ We are of the opinion that the combination of changing locks, removing co-tenants' names, and interfering with lease rights constitutes ouster. Morga, nonetheless, contends that even if ouster exists, he is still entitled to contribution or contractual damages from Friedlander. He is incorrect. Morga recognizes that contribution is an equitable doctrine. *Brown v. Brown*, 58 Ariz. 333, 119 P.2d 938 (1941). Here, it simply is not equitable

---

**2.** Friedlander had obtained Steve Wallace's per- mission to sublease the space in question.

to require the ousted co-tenant to pay rent to the occupying co-tenant. *See Young v. Young. See generally Green v. Higgins,* 217 Kan. 217, 535 P.2d 446 (1975) (unclean hands doctrine). With respect to the contractual claim, the consideration for the agreement to pay a portion of the rent was the use and enjoyment of a particular portion of the office in question. Since that consideration was removed, the contract was breached by Morga and Friedlander was relieved of his rental obligation with respect to Morga. *Cf. MacArthur v. Rostek,* 483 P.2d 1351 (Colo.App.1971) (termination of lease relieves tenant of rent obligations).[3]

■ The Friedlanders have requested attorney's fees for this appeal pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure, and A.R.S. § 12–2106. This request is denied because this appeal was not frivolous. *See also Connor v. Cal-AZ Properties,* 137 Ariz. 53, 668 P.2d 896 (App. 1983).

For the foregoing reasons, the judgment of the trial court is affirmed. The Friedlanders' request for attorney's fees is denied.

BROOKS, P.J., and CONTRERAS, J., concur.

---

**3.** With respect to the Friedlanders' counterclaim for lost rents, this court expresses no opinion as to whether Morga would be entitled to a set off for the rent that he has paid pursuant to the lease. *See generally Bender v. Bender,* 50 Md. App. 174, 436 A.2d 518 (1981).