Filed 3/25/13  Kopp v. Coast U. Sch. Dist. CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| NICKOLAUS KOPP,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COAST UNIFIED SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | 2d Civil No. B241354<br>(Super. Ct. No. CV118245)<br>(San Luis Obispo County) |

Plaintiff Nickolaus Kopp appeals the dismissal of his action against defendant Coast Unified School District (District) for inverse condemnation, damages and injunctive relief after his lawyer missed a pleading amendment deadline following the sustaining of a demurrer.  We conclude, among other things, that:  1) the trial court erred by sustaining a demurrer to Kopp's causes of action on the ground that Kopp did not join a co-owner as a necessary party, and 2) Kopp's motion to set aside the dismissal should have been granted because it was based on his counsel's declaration showing his error in determining a pleading deadline.  We reverse.

## FACTS

On January 12, 2011, Kopp filed a claim against the District (Gov. Code, § 910) alleging that its actions on its property caused a flood on the property where he resides.  The claim was denied.

Kopp's action stated causes of action for inverse condemnation, nuisance, damages for maintaining a dangerous condition on the District's property, injunctive and declaratory relief. Kopp alleged he was "an owner" of the property where he resides. He said that the flooding caused by the District "interfered with his access" to his residence and interfered with "his use and enjoyment" of the property and that the flooding required "boarding up his back doors and garage doors in anticipation of future and ongoing flooding." He sought damages and injunctive relief against the District to prevent it "from maintaining a public and private nuisance in the vicinity of Plaintiff's Property."

The District demurred. It alleged that Kopp owned an undivided 50 percent interest in the real property. It requested the trial court to take judicial notice of a title report and tax records showing that Sharon Clayton, as the heir of Charles Clayton and as a trustee of the Sharon Clayton Living Trust, owned the remaining portion. It claimed Clayton was a "necessary" party to the action. The District argued it "will be subject to a substantial risk of incurring double, multiple and possibly inconsistent obligations by reason of [Clayton's] ownership interest."

In his opposition, Kopp claimed: 1) he had "standing to protect his property and the enjoyment of it from the District's wrongful conduct," 2) the trial court should not decide the joinder issues at the demurrer stage because the court lacked adequate information, and 3) it was not proper to decide a demurrer by relying on a "preliminary title report through the vehicle of judicial notice."

On December 20, 2011, the trial court sustained the demurrer and gave Kopp "45 days to amend." In the same minute order, the court set the case for "Judicial Mediation" and scheduled a settlement hearing for January 18, 2012.

On January 18, 2012, the trial court ordered the parties "to file an updated settlement statement that specifically addresses the issues the Defendant will have re: easement should the Plaintiff prevail at trial." On February 1, the court held a mediation session.

2.

On February 29, 2012, the trial court issued an order, which stated, "The parties are ordered to show cause on [April 18, 2012] at 9:00 [a.m.] in Dept. P2 why case should not be dismissed since settlement discussions still in progress."

On March 13, 2012, the trial court issued an ex parte order dismissing the action because Kopp did not file an amended complaint.

On April 5, 2012, Kopp filed a motion to set aside the dismissal. In his declaration, Kopp's counsel said he was surprised by the dismissal. He believed the "issues concerning amendment of the Complaint would be addressed" at the April 18th hearing the court scheduled in its February 29th order. He explained the reasons why he believed the 45-day deadline to file an amended complaint did not apply. He said this case was "moving towards a settlement." On February 24, 2012, the District's counsel informed him that the District wanted to inspect Kopp's property on March 1, 2012. Kopp agreed to this, believing that a settlement agreement was "on the table." Kopp's counsel said he believed the order of dismissal, which was prepared ex parte by the District, was a mistake because the court was also involved in the settlement process. "[B]ecause of this Court's mediation, I have believed that we had a settlement with the school district," which made filing an amended complaint "unnecessary."

Kopp also declared that Clayton had signed a "Disclaimer of Interest and Assignment of Rights" statement that "renders the need to amend the complaint moot." That document was filed with the motion. In the assignment of rights document, Clayton said she "has no interest in pursuing any claims against [the District]" and she assigned her rights as a co-owner of the property regarding this action to Kopp.

At the April 18th hearing, the trial court denied the motion to vacate.

DISCUSSION

*Sustaining a Demurrer for Not Joining a Co-Owner*

Kopp claims: 1) the trial court's ruling on the joinder issue was premature at the demurrer stage, 2) the District's claim that it would be subject to a substantial risk of a multiplicity of litigation without joining Clayton was not derived from the face of

the complaint, 3) Clayton's assignment of rights to Kopp eliminated that risk, and 4) the court erred by sustaining the demurrer to his action on the ground that he did not join Clayton as a necessary party. We agree.

### *The Premature Ruling on the Joinder Issue at the Demurrer Stage*

"It is axiomatic that a demurrer lies only for defects appearing on the face of the pleadings. More specifically, a defendant may not make allegations of defect or misjoinder of parties in the demurrer if the pleadings do not disclose the existence of the matter relied on; such objection must be taken by plea or answer." (*Harboring Villas Homeowners Assn. v. Superior Court* (1998) 63 Cal.App.4th 426, 429.)

Code of Civil Procedure section 389, subdivision (a) provides, in relevant part, "A person . . . shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

The District's demurrer pointed out that Clayton was an owner of an undivided half-interest in the property. The District stated it "will be subject to a substantial risk of incurring double, multiple and possibly inconsistent obligations" unless Clayton was joined.

But there was nothing on the face of the complaint to show there was a substantial risk that Clayton would be asserting a claim against the District. ""[S]ubstantial risk" means more than a theoretical possibility of the absent party's asserting a claim that would result in multiple liability. The risk *must be substantial as a practical matter*."" (*Harboring Villas Homeowners Assn. v. Superior Court*, *supra*, 63 Cal.App.4th at p. 430, italics added.) Where the defendant does not present proof of "any actual assertion" of a claim by the absent party, the demurrer should be overruled

and the joinder issue should be decided in later proceedings. (*Union Carbide Corp. v. Superior Court* (1984) 36 Cal.3d 15, 22, 24.) Here the District's claims relating to multiple litigation were based on speculation. The record before the court did not show that Clayton would assert any claim against the District or that she wanted to intervene. There was also no showing that she had a conflict of interest with Kopp or that she disapproved of this litigation. In short, the District did not meet its burden to show that the joinder issue should be decided at the pleading stage based on the potential for multiple actions. (*Id.* at p. 24.)

Moreover, "as a practical matter," as it turned out, there was no risk to the District. In Clayton's "assignment of rights," she said that: 1) she did not reside on the property, 2) she had "no interest in pursuing any claims against [the District]," and 3) she assigned all her rights as a co-owner regarding this action to Kopp. This resolved any concerns regarding potential joinder problems. (*Countrywide Home Loans, Inc. v. Superior Court* (1999) 69 Cal.App.4th 785, 795-796 [assignment of rights eliminates risk of multiple litigation]; *Greco v. Oregon Mut. Fire Ins. Co.* (1961) 191 Cal.App.2d 674, 687 [after assignment of rights, the assignee is the only necessary party].)

Kopp's other objections to the demurrer were meritorious. The limited information in the District's demurrer did not provide the trial court with a factual foundation to weigh the factors required to determine whether a non-party should be joined. (Code Civ. Proc., § 389, subds. (a) & (b).) The District made no showing that this action would prejudice Clayton's rights. (*Quantification Settlement Agreement Cases* (2011) 201 Cal.App.4th 758, 857.) The court may award a co-owner damages against a third party based on the co-owner's percentage interest in land without prejudicing a co-owner who is not before the court. (*Worthington v. Kaiser Foundation Health Plan, Inc.* (1970) 8 Cal.App.3d 435, 445; *Most v. Passman* (1937) 21 Cal.App.2d 729, 731-732.) Consequently, the court could award Kopp "complete relief." (*Countrywide Home Loans, Inc. v. Superior Court*, *supra*, 69 Cal.App.4th at p. 794.) Moreover, the District did not show how enjoining flood water damage to the

property would not benefit both co-owners. (*Woodson v. Torgerson* (1930) 108 Cal.App. 386, 394.)

But even had the District made a showing of potential prejudice, "the inability to avoid or eliminate the prejudice in its entirety does *not* . . . require a finding that the action should not go forward." (*Quantification Settlement Agreement Cases*, *supra*, 201 Cal.App.4th at p. 857.) The court must also weigh the relevant factors and decide whether Kopp "will have an adequate remedy if the action is dismissed for nonjoinder." (Code Civ. Proc., § 389, subd. (b).) Given the absence of a factual record, and its inability to weigh those factors, the trial court should not have decided the joinder issue at the demurrer stage. (*Harboring Villas Homeowners Assn. v. Superior Court*, *supra*, 63 Cal.App.4th at pp. 429-430.) Where """the relationship of an absent person to the action, and the practical effects of an adjudication upon him and others, may not be sufficiently revealed at the pleading stage," it is appropriate to "defer decision until the action [is] further advanced . . . .""" (*Ibid.*)

*Kopp's Right as a Co-Owner to Protect the Property*

The District asserted that Clayton had to be joined as a party as a co-owner because the action involved real property. The District's position would have more weight if this case involved quiet title, partition, or a claim to divest Clayton of a property interest. But the purpose of this action was to prevent the District from causing floods on the property owned by Kopp and Clayton. Moreover, Kopp did not sue solely in his capacity as an owner. He also sued because the property was "his residence."

Kopp, as a co-owner and the resident in possession, has authority to protect this property from third party nuisances and intrusions without joining his co-owner. (*Perkins v. Chad Development Corp.* (1979) 95 Cal.App.3d 645, 650 [one who owns a joint beneficial interest in land with others may individually act to protect "the common beneficial interest" from a third party's actions]; *Most v. Passman*, *supra*, 21 Cal.App.2d at pp. 731-732.) As owners of an undivided half-interest, Kopp and Clayton are classified as "cotenants" of the estate with the individual right to protect the land

6.

from third party torts without having to join the other co-tenant. (*Wilson v. S.L. Rey, Inc.* (1993) 17 Cal.App.4th 234, 242-243; *Los Angeles L. Co. v. Los Angeles* (1895) 106 Cal.156, 160 ["One cotenant can at any time *protect the entire estate* from injury or loss *without calling to his aid the assistance of the other cotenants*" (italics added)].) "[O]ne of several cotenants may sue in ejectment *without joining his cotenants* to regain from a trespasser the possession of the property." (*Woodson v. Torgerson*, *supra*, 108 Cal.App.at p. 394, italics added.) A single cotenant on behalf of the entire estate may "'resist an intruder, . . . remove an encumbrance, . . . redeem [the land] from a burden" or oppose "annexation" which "would subject the property to the burden of municipal taxation." (*Morin v. City Council* (1952) 109 Cal.App.2d 268, 271-272.) Because such actions to protect the property will benefit all with a joint interest in the land, one co-owner may proceed to protect the interests of all co-owners. (*Ibid.*) Kopp's action to prevent a flood water intrusion from the District unquestionably protected Clayton's interests in the land. (*Woodson*, at p. 394.)

Given the record before the trial court, it was not in a position to assume that Kopp lacked the authority to bring this action against the District. "[W]here the cotenant is *acting against third parties*, *the cotenant's authority to act on behalf of other cotenants is presumed*." (*Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 382, italics added.) This undermines the District's basis for its demurrer.

A plaintiff may bring an action to protect an interest in real property without burdensome or unnecessary joinder requirements. (*D & M Financial Corp. v. City of Long Beach* (2006) 136 Cal.App.4th 165, 175 [mortgagee had standing to pursue inverse condemnation action without joining the owner]; *Chhour v. Community Redevelopment Agency* (1996) 46 Cal.App.4th 273 [tenant, independent of the owner, could sue for inverse condemnation]; *Stoiber v. Honeychuck* (1980) 101 Cal.App.3d 903, 920 [tenant with right of possession may sue for nuisance]; *People v. Superior Court* (1969) 1 Cal.App.3d 167, 170 ["ownership of the land upon which a public nuisance is maintained does not, of itself, make the owner an indispensable party" in

nuisance abatement suit]; *Sherwood v. Ahart* (1917) 35 Cal.App. 84, 87 [action to enjoin defendant's interference with a right of way on defendant's land may proceed without joining defendant's wife who is the co-owner].)

### *Kopp's Right to Protect His Personal Possessory Interests*

Here Kopp's causes of action also involved damages and injunctive relief to protect his *personal* possessory interests and enjoyment of his residence. Kopp alleged the floods, which the District caused: 1) "interfered with his access" to his residence, 2) interfered with his "use and enjoyment" of the property, 3) required "boarding up his back doors and garage doors in anticipation of future and ongoing flooding," and 4) caused water and debris to damage "his residence."

Because these claims were personal to Kopp, they were consequently independent from Clayton's interest as an owner. The District's demurrer *conceded* that Kopp's complaint sought "damages *personal to plaintiff*" and for "loss of *use and enjoyment* of the property." (Italics added.) It did not show how Clayton's joinder was necessary to litigate such personal claims.

"'An action may be brought *by any person* whose . . . personal enjoyment is lessened by a nuisance.'" (*Wilshire Westwood Associates v. Atlantic Richfield Co.* (1993) 20 Cal.App.4th 732, 745-746, italics added; see also *Stoiber v. Honeychuck* (1980) 101 Cal.App.3d 903, 920 [tenant's possessory interest alone allowed her to sue owner for nuisance, which interfered with her "use and enjoyment of the premises"].) Kopp alleged the land was his residence and he had the right to protect that possessory interest against a flood water invasion caused by an outside party. That stated a cause of action. (*Ibid.*; *Tristam v. Marques* (1931) 117 Cal.App. 393, 397 ["A party may rely upon possession against a mere trespasser"].) The court could provide injunctive relief and damages to protect these personal possessory rights independent of whether Clayton was joined as a party. (*Wilshire Westwood Associates*, at pp. 745-746; *Stoiber*, at p. 920; *Worthington v. Kaiser Foundation Health Plan*, *Inc.*, *supra*, 8 Cal.App.3d at p. 445.) Moreover, "even in the absence of an 'indispensable' party, the court still has

8.

the power to render a decision as to the parties before it which will stand."  (*Kraus v. Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 364.)

The trial court's decision left Kopp no "adequate remedy" to protect his interests.  (Code Civ. Proc., § 389, subd. (b).)  The "courts should 'be careful to avoid converting [section 389 from] a discretionary power or rule of fairness . . . into an arbitrary and burdensome requirement which may thwart rather than accomplish justice.'"  (*Countrywide Home Loans, Inc. v. Superior Court*, *supra*, 69 Cal.App.4th at p. 793.)

*The Motion to Vacate the Dismissal*

Kopp claims the trial court erred by denying his motion to vacate the dismissal.  We agree.

Kopp's motion to vacate was based on the declaration of his attorney.  His counsel declared that he "believed that the issues concerning amendment of the Complaint would be addressed on [the] Noticed hearing of the OSC" scheduled for April 18, 2012.  Consequently, he did not file an amended complaint prior to the court's March dismissal order.  He believed the case was proceeding to settlement and there was no need to amend.  He said he was surprised the District would request an ex parte dismissal order in the middle of the settlement process.

The District opposed the motion contending that it did not grant Kopp's counsel an extension of time to plead and he did not request one.  It argued that Kopp was not entitled to relief based on his attorney's error relating to the filing deadline.

But where an attorney's declaration shows "his or her mistake, inadvertence, surprise, or neglect," the trial court should "vacate any . . . dismissal entered against his or her client" as a result thereof.  (*Hu v. Fang* (2002) 104 Cal.App.4th 61, 64.)  The requirement that courts must grant this relief is based on a strong public policy.  (*Ibid.*)  Setting aside such dismissals is mandatory in order "'to relieve the innocent client of the burden of the attorney's fault, to impose the burden on

9.

the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits.'" (*Ibid.*)

Kopp's counsel made an erroneous assumption about the pleading deadline. But his counsel's mistake or omissions should not subject Kopp to a forfeiture of his rights. (*Hu v. Fang*, *supra*, 104 Cal.App.4th at p. 64.) Moreover, Clayton's assignment of rights shows the District's claims about a joinder problem were unwarranted.

The judgment is reversed. The dismissal and the order sustaining the demurrer are vacated, and we remand the matter to the trial court with directions to issue an order overruling the demurrer. Costs on appeal are awarded in favor of the appellant.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

Jac A. Crawford, Judge

Superior Court County of San Luis Obispo

_____

William S. Walter for Plaintiff and Appellant.

Hall, Hieatt & Connely, LLP, Clayton U. Hall, Molly E. Thurmond, Stephanie Ann Bowen for Defendant and Respondent.