NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

STYLIANI DOYLE, *Petitioner/Appellee,*

*v.*

ADAM CARDOZA, *Respondent/Appellant.*

No. 1 CA-CV 24-0848 FC

FILED 12-23-2025

Appeal from the Superior Court in Maricopa County
No. FC2022-095418
The Honorable David E. McDowell, Judge

**AFFIRMED**

COUNSEL

The Law Firm of Michael J. Shew, Phoenix
By Michael J. Shew
*Counsel for Petitioner/Appellee*

Full Spectrum Law Collective, Scottsdale
By Julie R. Gunnigle
*Counsel for Respondent/Appellant*

------------------------

## MEMORANDUM DECISION

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

------------------------

**P A T O N**, Judge:

**¶1** Adam Cardoza ("Husband") appeals from the superior court's dissolution decree. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2** Husband and Styliani Doyle ("Wife") married in 2002. Wife petitioned for dissolution on December 8, 2022, and Husband responded to her petition on December 13, 2022. At the dissolution trial in July 2024, the parties disputed, as relevant here, the value of Husband's USAA 401(k) retirement account ("the account"), and whether Husband should be required to reimburse Wife for one-half of the mortgage payments and HOA fees she paid during the pending dissolution proceeding.

**¶3** In its August 2024 dissolution decree, the superior court valued the account at $17,983.67, equally divided the account, and ordered Husband to reimburse Wife one-half of the mortgage payments as well as the one-half of the HOA fees she paid during the pendency of the dissolution proceeding.

**¶4** Husband moved to amend the judgment, arguing for the first time that he should not have to reimburse Wife for the mortgage and HOA fees because Wife ousted him, and that he had already paid for two of the payments he was ordered to reimburse her for out of his separate property. He also argued the court erroneously valued the account. The court denied his motion.[1]

**¶5** Husband timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

------------------------

[1] Although not relevant to this appeal, Wife moved to alter or amend the decree, asking to restore her former name, which the court granted.

**DISCUSSION**

**¶6**         Husband argues the superior court erred in (1) valuing the account, (2) failing to consider Wife ousted him when ordering him to reimburse Wife for certain property-related expenses, and (3) failing to credit payments he made in December 2022 and January 2023 in the decree.

**¶7**         We review the superior court's division of property for an abuse of discretion. *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8 (App. 2014). We will not disturb the superior court's factual findings unless they are clearly erroneous. *Brucklier v. Brucklier*, 253 Ariz. 579, 582, ¶ 10 (App. 2022). We view the evidence in the light most favorable to upholding the court's ruling and will affirm if reasonable evidence supports it. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007).

**I.      The superior court did not err in its valuation and division of the account.**

**¶8**         In a dissolution proceeding, the superior court is required to divide community property equitably.  A.R.S. § 25-318(A).  Equitable division typically means a substantially equal distribution of assets. *Toth v. Toth*, 190 Ariz. 218, 221 (1997).

**¶9**         The evidence presented at trial showed the account contained funds on the date Wife filed for dissolution and Husband withdrew the entire balance on December 10, 2022 — after Wife filed her December 8 petition but before Husband filed his December 13 response.  Wife introduced an account statement, with a period of 01/01/2020-12/13/2022, showing a pre-withdrawal balance of $17,983.67.  She also introduced an email to Husband on December 10, 2022, confirming Husband's withdrawal of funds and noting the funds would arrive in 3-4 business days.

**¶10**        Husband testified that the account contained only $9,514.43 immediately before withdrawal, attributing the $8,469.24 discrepancy to a post-December 10 broker "exchange."  Husband indicated this "exchange" is what reflected a $9,514.43 balance in the "Exchanges In" line item of the account statement.  The superior court found Husband miscalculated the $9,514.43 figure by adding the employee contributions, employer contributions, and transfers.  And that sum was $9,149.73, which left $364.70 unaccounted for.  It further found Husband had no explanation for the $3,885.61 in withdrawals or the $4,553.63 in forfeitures listed on the account statement beyond this "exchange" at trial.  Finding Husband's explanation unpersuasive, the court found that the pre-withdrawal balance

was $18,664.16 less $680.49 in investment losses and awarded Wife one-half of that amount: $8,991.83.

**¶11**         When the evidence conflicts, we defer to the superior court's assessment of witness credibility and the weight assigned to competing evidence. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13 (App. 1998). Here, the superior court heard competing testimony regarding the account's pre-withdrawal balance and found Wife's evidence more credible. Because reasonable evidence supports the court's valuation, we will not disturb its findings on appeal.

## II.     The superior court did not err in ordering Husband to reimburse Wife for certain mortgage and HOA payments.

**¶12**         Husband next challenges the court's order requiring him to reimburse Wife for one-half of the mortgage and HOA expenses she paid during the dissolution proceeding, claiming he should not have to pay because he was ousted from the marital home. But Husband raised ouster for the first time in his motion to amend the judgment. Because Husband did not raise the ouster issue at trial, he has waived it on appeal. *BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 593-94, ¶ 25 (App. 2021).

**¶13**         Notwithstanding waiver as to ouster, as the superior court noted in its ruling on Husband's motion to amend, even if it were to entertain an issue that was not raised at trial, the parties entered into a consent agreement in January 2023, giving Wife exclusive use of the home. Ariz. R. Fam. Law P. 69. Ouster occurs when a co-tenant notoriously and unequivocally acts to "deprive[] another of the right to the common and equal possession and enjoyment of property." *Morga v. Friedlander*, 140 Ariz. 206, 208 (App. 1984) (citation omitted). Husband agreed to give Wife exclusive use of the marital home and the superior court approved that agreement. Husband's counsel informed the court on the record at the temporary orders hearing that "we have stipulated to [Husband] vacating the marital property on February 6, 2023." Husband's claim that he was ousted after voluntarily agreeing to vacate the home is not well taken.

**¶14**         Husband further contends the superior court erred in not crediting him for December 2022 and January 2023 mortgage and HOA "payments" he claims he made, "using his sole and separate property, as shown in Exhibits #28 and #29." But these exhibits do not show that Husband paid the mortgage and/or HOA fees in December 2022 and January 2023. They show that Husband transferred various sums of money

to Wife in December 2022 and January 2023 via Zelle, but the line items generally state they are for "bills" and "amount[s] as requested."

¶15 Although Husband testified that he made partial payments towards those expenses at trial and sought reimbursement for the $3,058.41 total he claimed he paid towards those expenses, he did not provide any breakdown or specific accounting for which of those money transfers he appeared to make to Wife generally "for bills" and "amount[s] as requested" were for the mortgage and/or HOA fees. He similarly makes no argument on appeal about what specific entry or entries within those exhibits support his argument that those payments were for the mortgage and HOA.

¶16 Conversely, Wife testified that she paid the mortgage and HOA expenses entirely from her own sole and separate funds starting in December 2022. She testified she initially used her checking account to make the payments but later switched to her credit card, and she introduced evidence to support this testimony.

¶17 The superior court apparently found Wife's testimony more credible than Husband's because it found the evidence established Wife paid $29,596.31 in mortgage and HOA payments from December 2022 to November 2023, and ordered Husband to reimburse her for one-half of the total amount paid. We defer to the superior court's assessment of witness credibility and the weight assigned to competing evidence. *See Gutierrez*, 193 Ariz. at 347-48, ¶ 13. Further, the spouse seeking reimbursement bears the burden of proving the amount and purpose of those payments. *See Andrews v. Andrews*, 252 Ariz. 415, 419, ¶ 19 (App. 2021); *see also Troutman v. Valley Nat'l Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992) ("The party who asserts a fact has the burden to establish that fact."). Given Husband's lack of specific arguments as to what evidence supports his entitlement to reimbursement, we discern no abuse of discretion.[2] *See Boncoskey*, 216 Ariz. at 451, ¶ 13 (we view the evidence in the light most favorable to upholding the superior court's ruling and will affirm if reasonable evidence supports it).

¶18 Finally, in the introduction and issues presented sections of his opening brief, Husband cursorily mentions that the superior court

---

[2] Although Husband challenged the court's award of reimbursement of the December 2022 and January 2023 payments in his motion to amend judgment, he does not challenge the court's denial of it as to this issue on appeal. We therefore do not address it.

should have divided the mortgage and HOA obligations equally between himself, Wife, and his mother, who resided in the home with the parties during their marriage. But because he failed to develop this claim with any supporting argument, legal authority, or record citations as required by Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7), his argument is waived. *See Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022).

**¶19** Wife requests attorneys' fees under Section 25-324 and ARCAP 21(a). In our discretion, we award Wife her reasonable attorneys' fees and costs upon compliance with ARCAP 21.

## CONCLUSION

**¶20** We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:         JR