STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 04-673


DEBRA PARISH PHILMON

VERSUS

JAKE C. PHILMON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 99-8358
HONORABLE GUY ERNEST BRADBERRY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Oswald A. Decuir, Judges.

AFFIRMED IN PART, REVERSED IN PART AND RENDERED.


Walter Marshall Sanchez
Attorney At Law
P. O. Box 3305
Lake Charles, LA 70602-3305
(337) 436-8401
Counsel for: Defendant/Appellee
Jake C. Philmon

**Kathleen Kay**
**Attorney at Law**
**P. O. Box 2042**
**Lake Charles, LA 70602-2042**
**(337) 439-7616**
**Counsel for: Plaintiff Appellant**
**Debra Parish Philmon**

**SAUNDERS, J.**

Issues before the court arise out of a community property partition in which Mrs. Haymark seeks the rental value of the home for the period during which Mr. Philmon resided in the home. Mr. Philmon seeks reimbursement for mortgage payments he made on the home between February 2001 until June 2003. Moreover, the trial court appointed an appraiser to value the home and Mrs. Haymark challenges that action by the court.

**FACTS**

Debra Haymark and Jake Philmon were married on June 2, 1972. After twenty-eight years of marriage, the couple divorced on August 4, 2000. In Mrs. Haymark's petition for divorce, she requested the use and occupancy of the family home, which the court granted. She also requested interim spousal support. Mr. Philmon was ordered to pay interim spousal support in the form of the mortgage payment, the van note and $350.00 cash per month. Once the van note was paid in full, Mr. Philmon would then pay $600.00 a month plus the mortgage. In that agreement, she waived her right to reimbursement of the mortgage payment, and he waived his right to rental reimbursement. The interim spousal support was set to terminate on January 31, 2001. Upon termination, she requested final periodic support, which the court granted to last until some point in 2004. The final periodic support no longer provided for Mr. Philmon to pay the mortgage payment on the family home as part of the support award. The amount ordered was less than the mortgage payment on the home. In February 2001, Mrs. Haymark left the family home, and that same month, Mr. Philmon moved into the family home. On March 30, 2001, she requested that Mr. Philmon be awarded use and occupancy of the family home and that she be

granted the fair rental value for his use of the home. The parties agreed to defer these issues to the community property partition.

The trial on the community property partition was held on June 18, 2003, and disposed of all the issues except (1) the fair market value of the home, (2) Mr. Philmon's entitlement to reimbursement for mortgage payments made between February 1, 2001 through June 18, 2003, and (3) Mrs. Haymark's entitlement to rental value of the home during Mr. Philmon's occupancy. Mrs. Haymark's appraiser, David Bordelon, appraised the fair market value of the home at $158,000.00. Mr. Philmon's appraiser, Michael Mitchell, appraised the home at $134,000.00. In September 2003, in the written reasons for judgment, the court granted Mr. Philmon mortgage payment reimbursement, denied Mrs. Haymark's request for rental reimbursement, and appointed an appraiser to set the value of the home. The court appointed appraiser valued the home at $115,000.00.

## PROCEDURAL HISTORY

The parties were divorced on August 4, 2000. On September 23, 2003, the trial court denied the plaintiff's claim for rental reimbursement, granted the defendant's request for reimbursement of mortgage payments, and appointed an appraiser to value the home without affording an opportunity to the parties to cross examine the appraiser. The plaintiff filed a timely suspensive appeal on April 2, 2004.

## ASSIGNMENT OF ERRORS

1)   The plaintiff argues that the trial court erroneously concluded that Haymark was not entitled to rental value on Philmon's use of the family home from time of his occupancy until date of the trial of the partition.

2)   The plaintiff contends the trial court erroneously allowed Philmon a reimbursement of mortgage payments made after termination of the

2

community.

3) The plaintiff contends the trial court erroneously appointed an expert without issuing a rule to show cause as required by La.Code Evid. art. 706, after the close of evidence, and ordered that the value assigned by that expert would be the value found by the court without allowing any party an opportunity to cross-examine the expert.

**LAW AND ANALYSIS**

Findings of the trial court are reviewable on appeal, and the third circuit's requisite standard of review has been clearly established. A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.,* 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

**ASSIGNMENT OF ERROR NUMBER ONE**

The plaintiff requests this court to reverse the trial court's finding that rental reimbursement was not appropriate. The starting point for determining whether rent is appropriate is La.R.S. 9:374(C), which provides:

> A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.

*McCarroll* is the leading Louisiana Supreme Court authority interpreting this statute.

3

*McCarroll v. McCarroll,* 96-2700 (La. 10/21/97), 701 So.2d 1280. In *McCarroll,* the court stated, ". . . that rental payments may not be retroactively assessed under La.R.S. 9:374(C) unless otherwise agreed by the spouses or ordered by the court." *Id.* at 1289.

In the present case, Mrs. Haymark abandoned her court ordered use of the family home in February 2001, and Mr. Philmon, as co-owner, moved in. Mr. Philmon moved into the home prior to Mrs. Haymark's petition to place him in possession of the home. According to La.R.S. 9:374(C), rent is not assessed retroactively. "Once the community of acquets and gains is dissolved by separation, the spouses become co-owners in indivision of the marital home." *Kline v. Kline,* 98-1206, p. 5 (La.App. 3 Cir. 2/10/99), 741 So.2d 670, 672.

> The use and management of a thing held in indivision is determined by agreement of all the co-owners. A co-owner is entitled to use the thing held in indivision according to its destination, but he cannot prevent another co-owner from making such use of it. Nevertheless, it is well established that a co-owner need not pay rent to another co-owner for his exclusive use of the co-owned property.

*McCarroll v. McCarroll,* 96-2700 (La. 10/21/97), 701 So.2d 1280, 1289 (citations omitted.)

Once Mrs. Haymark abandoned the home, she could not prevent Mr. Philmon from using or occupying the property. As co-owners, once her use ended by her own choice, he had the right to step in and use the property regardless of her request to the court to grant him the use of the property. As a co-owner, Mr. Philmon does not need the court's permission to occupy abandoned co-owned property.

> This right of co-owners to possession of the property being equal and co-extensive, neither becomes indebted to the other for his personal occupancy and enjoyment, save, probably, that a co-owner, who has

4

been deprived of the right of possession by reason of his co-owner's exclusive occupancy, may claim damages from the date upon which he has demanded occupancy and has been refused by the possessor.

*Id.* at 1290 (citations omitted).

Under the principles enunciated in *Juneau*, a co-owner in exclusive possession may be liable for rent, *but only beginning on the date another co-owner has demanded occupancy and has been refused.* This underlying principle amply supports the requirement that for the assessment of rent under La.R.S. 9:374(C), there must be an agreement between the spouses or a court order for rent contemporaneous with the award of occupancy. . . . Public policy also weighs heavily against the retroactive award of rent under La.R.S. 9:374(C). As is plainly illustrated by the case *sub judice* [Juneau], when the community is not partitioned for many years, the retroactive assessment of rent is extremely prejudicial to the occupying spouse. Such retroactive assessment deprives the occupying spouse of the ability to make an informed and meaningful decision regarding his or her finances and housing budget. There is no corollary prejudice to the non-occupying spouse under this interpretation of the statute, since that spouse has the ability to invoke a court proceeding to determine occupancy and rent at any time. La.Civ.Code art. 105.

*McCarroll v. McCarroll,* 96-2700 (La. 10/21/97), 701 So.2d 1280, 1290.

Mrs. Haymark willingly and voluntarily left the family home. From that date, she never demanded to re-occupy the home, but rather requested the court to grant Mr. Philmon the right to occupy the home. Therefore, we affirm the trial court's decision to deny the plaintiff's request for rental reimbursement for the defendant's use of the home while the home remained community property.

**ASSIGNMENT OF ERROR NUMBER TWO**

The plaintiff requests that this court reverse the trial court's decision to grant Mr. Philmon mortgage payment reimbursement. In February 2001, Mrs. Haymark abandoned her court ordered use and occupancy of the family home. Upon her abandonment, Mr. Philmon, as co-owner, asserted his right to use and occupancy by

5

moving into the home. From February 1, 2001 through June 18, 2003 (date of partition where he was awarded the home) he lived in the home, maintained the home and paid all mortgage payments, and also paid Mrs. Haymark's final periodic support.

Mrs. Haymark contends that *Sheridon* supports disallowance of reimbursement for mortgage payments, however, this reading of *Sheridon* is incorrect. *Sheridon v. Sheridon,* 03-103 (La. App. 3 Cir. 2/4/04), 867 So.2d 38. In *Sheridon,* the court allowed Mrs. Sheridon to receive reimbursement for mortgage payments made from October 5, 1999 until November 15, 2001 (period from the date Mrs. Sheridon filed for divorce until the date of partition). The court disallowed the reimbursement of mortgage payments made from November 15, 2001 until August 15, 2002 (the date of partition to the date of judgment). The portion of the opinion Mrs. Haymark quotes pertains to reimbursement for payments made on a community movable and does not pertain to a community immovable.

Mr. Philmon maintained the family home and paid all the mortgage payments from February 2001 through June 2003. This time period is prior to the community partition and as such, the home remained community property. The *Sheridon* case supports our decision today as they allowed reimbursement for the period the home was community property, but disallowed reimbursement for the period of time following the partition. Therefore, we affirm the trial court's decision to award the defendant reimbursement for mortgage payments made on the family home from February 2001 until June 2003.

**ASSIGNMENT OF ERROR NUMBER THREE**

Both Mrs. Haymark and Mr. Philmon supplied the court with a detailed

6

appraisal of the home. Mr. Philmon enlisted Michael Mitchell to appraise the home and his appraisal, conducted on March 15, 2001, valued the home at $134,000.00. Mrs. Haymark hired Broker's Price to conduct an appraisal. The home was appraised at $158,000.00 on June 10, 2003. There is a difference of $24,000.00 between the two appraisals. The trial court did not consider either appraisal, but merely took note of the two and after trial ordered an independent appraisal. This appraisal was ordered to be accepted as the court approved valuation of the home.

Louisiana Code of Evidence article 702 provides when expert testimony may be used. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Also, Louisiana Code of Evidence article 706(A) provides when the court may appoint an expert.

> In a civil case, the court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless he consents to act. A witness so appointed shall be informed of his duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have the opportunity to participate. A witness so appointed shall advise the parties of his findings, if any; his deposition may be taken by any party; and he may be called to testify by the court or any party.

Mrs. Haymark contends and Mr. Philmon concedes that the court abused its discretion by ordering an expert without an order to show cause. She also contends that the court abused its discretion when it ordered that the expert's appraisal would be the value accepted by the court, thus, denying the parties an opportunity to cross

7

examine the expert. "Moreover, that expert, as any other expert, clearly should be subject to cross examination by the parties. Otherwise, . . . the report is objectionable and inadmissible as hearsay. The authority of the trial court . . . however broad, does not include the right *ex parte* to consider evidence obtained without affording the parties the opportunity of cross examination." *Petroutson v. First Nat'l Bank of Jefferson Parish,* 631 So.2d 1172, 1174 (La.App. 5 Cir.), *writ denied,* 635 So.2d 1113 (La.1994). *Dufhilo* states "[a]lthough La.C.E. art. 706(A) does not so provide, it seems to us that fundamental fairness requires that a court-appointed expert should be subject to cross-examination." *Dufhilo v. D'Aquin,* 615 So.2d 522, 526 (La.App. 3 Cir. 1993).

The trial court did not afford the parties an opportunity to cross examine the court appointed expert. We therefore reverse the trial court's appraisal of $115,000.00 and based on the evidence, we will set the value of the home.

> When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo.
> *Lasa v. Olin Corp.,* 625 So.2d 1002, 1006 (La.1993).

Mr. Philmon had the home appraised on March 15, 2001, and it was appraised at $134,000.00. More than two years later, Mrs. Haymark had the house appraised and it was valued at $158,000.00. During this two-year period, Mr. Philmon had performed numerous improvements on the home. He painted the kitchen, changed the bathroom fixtures, and had the sheet rock repaired. Wallpaper was added, tile installed and carpet was installed in the living room, the four bedrooms, the hall and the closets. The total costs of improvements was $7,468.65. These improvements

added value to the home over that of the first appraisal of $134,000.00 and, as such, equity would dictate that the costs for improvements should be deducted from Mrs. Haymark's appraisal. Deduction for the costs of improvements from Mrs. Haymark's appraisal reduces her appraised value to approximately $150,000.00. The difference between the two appraisals is now $16,000.00. We grant equal weight to the two appraisals and therefore set the value of the home at $142,000.00.

**CONCLUSION**

We affirm the trial court's denial of rental reimbursement to Mrs. Haymark, and affirm the decision to grant Mr. Philmon mortgage payment reimbursement. We reverse the trial court's decision to appoint an appraiser and adopt that value as the value of the home, and thus set the value of the home at $142,000.00. Costs of this appeal are to be split between the parties, with Mrs. Haymark paying 2/3 of the costs and Mr. Philmon to pay 1/3 of the costs.

**AFFIRMED IN PART, REVERSED IN PART AND RENDERED.**

9