# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**13-1278**

JONATHAN KENDRICK

VERSUS

RUTHIE PAUL KENDRICK

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 36,439
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**Michael H. Davis**
**Post Office Drawer 12180**
**Alexandria, LA   71315-2180**
**(318) 445-3621**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **Jonathan Kendrick**

**Donald Wilson**
**Wilson & Wilson**
**Post Office Box 1346**
**Jena, LA   71342**
**(318) 992-2104**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Ruthie Paul Kendrick**

**AMY, Judge.**

The parties in this matter sought to partition community property. At issue was the former husband's entitlement to reimbursement for one-half the amount of mortgage payments he had made on the former family home and the former wife's entitlement to a set-off for the rental value of the former family home. The trial court granted the husband's request for reimbursement and denied the wife's request for a set-off. The wife appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

The plaintiff, Jonathan Kendrick, was at one time married to the defendant, Ruthie Paul Kendrick.[1] However, in 2008, Mr. Kendrick filed for divorce, and a judgment of divorce was granted in March of 2010. Thereafter, Mr. Kendrick filed a petition for partition of community property. According to the record, the parties stipulated that the community property regime was terminated as of November 14, 2008. The issues at the hearing included whether Mr. Kendrick was due reimbursement for one-half of the mortgage payments he had made on the former family home and whether Ms. Kendrick was entitled to an off-set for the rental value of the former family home due to Mr. Kendrick's occupancy since August of 2009. After the hearing, among other issues, the trial court denied Ms. Kendrick's request for an offset and ordered her to pay Mr. Kendrick $48,645.00 in reimbursement for one-half of the mortgage payments.

Ms. Kendrick appeals, asserting that the trial court erred in awarding reimbursement for one-half of the home mortgage payments.

---

[1] Ms. Kendrick is also referred to as "Ruthy" and "Ruth" in the record. We use the spelling contained in the petition.

**Discussion**

Ms. Kendrick contends that the trial court erred in requiring her to reimburse Mr. Kendrick for one-half the amount of the mortgage payments made by Mr. Kendrick for the former family home. Ms. Kendrick contends that, because Mr. Kendrick constructively evicted her from the home and has been occupying the home with his current wife, she is entitled to a credit for the rental value of the home for the period that Mr. Kendrick was occupying it exclusively. According to Ms. Kendrick, the amount of the rent owed her is approximately equal to or exceeds the amount of the mortgage payments.

Upon termination of the community property regime, "[a] spouse may have a claim against the other spouse for reimbursement[.]" La.Civ.Code art. 2358. Further, "[i]f separate property of a spouse has been used either during the existence of the community property regime or thereafter to satisfy a community obligation, that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used." La.Civ.Code art. 2365. Thus, when a former spouse makes mortgage payments on a community residence after the termination of the community property regime, that spouse is entitled to reimbursement. *Williams v. Williams*, 07-541 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234.

Pursuant to La.R.S. 9:374(C):

> A spouse who, in accordance with the provisions of Subsection A or B of this Section, uses and occupies or is awarded by the court the use and occupancy of the family residence, . . . shall not be liable to the other spouse for rental for the use and occupancy, except as hereafter provided. If the court awards use and occupancy to a spouse, it shall at that time determine whether to award rental for the use and occupancy and, if so, the amount of the rent. The parties may agree to defer the rental issue for decision in the partition proceedings. If the parties agreed at the time of the award of use and occupancy to

2

defer the rental issue, the court may make an award of rental retroactive to the date of the award of use and occupancy.

The seminal case addressing whether a former spouse may be assessed rent retroactively for occupying the former family home pending partition of the community property is *McCarroll v. McCarroll*, 96-2700 (La. 10/21/97), 701 So.2d 1280. Therein, the supreme court noted that the underlying principle behind La.R.S. 9:374 is that "a co-owner in exclusive possession may be liable for rent, *but only beginning on the date another co-owner has demanded occupancy and has been refused.*" *Id.* at 1290 (emphasis in original). The supreme court ultimately held that "rental payments may not be retroactively assessed under La.R.S. 9:374(C) unless otherwise agreed by the spouses or ordered by the court." *Id.* at 1289.

The gist of Ms. Kendrick's argument is that Mr. Kendrick forcibly evicted her from the former family home, and she therefore satisfies the requirements of *McCarroll*. At the hearing, Mr. Kendrick testified that Ms. Kendrick stayed in the former family home until March of 2009. According to Mr. Kendrick, he thought that she could not afford the utilities, so they were cut off. He testified that he got permission from Ms. Kendrick to move into the former family home in July of 2009 and moved in around September of that year.

Ms. Kendrick testified that she was allowed to stay in the former family home after she and Mr. Kendrick separated. However, she was not employed at the time. According to her testimony, at some point, Mr. Kendrick told her he could not afford to keep paying the electricity and other bills for the house. After the lights were turned off, she moved out. According to Ms. Kendrick, there was never any agreement that Mr. Kendrick would pay her rent. However, Ms.

3

Kendrick testified that Mr. Kendrick agreed to "maintain the bills" for her and the children to stay in the former family home until the "divorce and everything was filed."

In its reasons for judgment, the trial court applied the supreme court's analysis in *McCarroll* and found that:

> [N]either Jonathan nor Ruth can be liable to the other for rent concerning their use and occupancy of the family residence. As mentioned above, for either to be liable for rent, the spouse must have demanded occupancy from the other and been refused. The demand component is obvious. Both spouses demanded occupancy in their original filings with the court. For Jonathan, the inquiry ends here. No real issue of refusal of occupancy has been promoted by him in these proceedings. Thus, he cannot claim rents from Ruth for her use of the family home from October 29, 2008, until March of 2009.
>
> For Ruth, the issue is vigorously more contested. It is clear that she received occupancy of the family home, in that, testimony was elicited that she and her children resided in the family home from November, 2008, until the following March, when she moved out because she could not pay the house note or utilities.
>
> Counsel for Ruth argues that the vacating of the home by Ruth in this fashion is tantamount to an eviction of her and the children by Jonathan. However, no evidence was presented that Jonathan agreed to pay the house mortgage note and subsequently refused. Likewise, no evidence was adduced that Jonathan had agreed to maintain the utility obligation. Finally, no evidence exists that Ruth was forcibly removed from the family home by Jonathan. Ruth, by her own testimony, stated that she and the children simply moved out of the home because she could not pay the bills. Was it under duress? Certainly it was, if you consider not being able to pay your bills a situation of duress. However, it was not under duress or injury caused by Jonathan.
>
> Therefore, one cannot liken this vacation of the family home by Ruth for this reason to being a refusal of their occupancy by Jonathan.
>
> Therefore, since Louisiana Revised Statute 9:374 does not apply to the instant matter, no analysis must be performed under that article. Further, since no evidence was adduced that either spouse ever refused occupancy to the other of the family home, neither spouse is liable to the other for rent for their use and occupancy of the last matrimonial domicile subsequent to the separation of the parties.

Our review of the record indicates that the trial court further found in its reasons for judgment that both Mr. Kendrick and Ms. Kendrick demanded occupancy of the former family home but that "no contradictory hearing was ever held and no court order was ever confected. Further, no agreement to defer the rental issue existed." Additionally, our review of the record reveals no evidence that Mr. Kendrick and Ms. Kendrick reached an agreement about any rental payments in connection with the exclusive use and occupancy of the former family home.

The trial court's findings of fact in this matter are subject to the manifest error—clearly wrong standard of review. *Philmon v. Philmon*, 04-673 (La.App. 3 Cir. 11/10/04), 886 So.2d 1222. Thus, even if it would have weighed the evidence differently, the appellate court may not reverse so long as the trial court's findings are reasonable in light of the record viewed in its entirety. *Id.* Further, the trial court has broad discretion in resolving community property disputes, and its judgment is presumed to be correct, absent any evidence in the record to the contrary. *Williams*, 968 So.2d 1234 (citing La.R.S. 9:2801).

With these principles in mind, we find no error in the trial court's determination that no rent was due for either party's occupation of the former family home. The record supports the trial court's conclusion that both parties demanded occupancy of the former family home but that there was no judicial determination or agreement in connection with that demand. Further, the record supports the trial court's conclusion that there was no judicial determination, agreement between the parties, or reservation of rights concerning the rental issue. *See* La.R.S. 9:374; *Saacks v. Saacks*, 05-365 (La.App. 5 Cir. 9/26/06), 942 So.2d

5

1130. Thus, we find no error in the trial court's determination that Ms. Kendrick did not satisfy the requirements of La.R.S. 9:374.

Additionally, with regard to Ms. Kendrick's contention that Mr. Kendrick forcibly evicted her from the former family home, thus making him liable for rent, we find no merit to this argument. Louisiana Civil Code Article 2369.1 provides that "[a]fter termination of the community property regime, the provisions governing co-ownership apply to former community property, unless otherwise provided by law or by juridical act." In enacting La.R.S. 9:374, the legislature specifically provided for the situation in which former spouses seek rent for the former family residence. *See McCarroll*, 701 So.2d 1280; *Kline v. Kline*, 98-1206 (La.App. 3 Cir. 2/10/99), 741 So.2d 670. *Compare with Cahill v. Kerins*, 34,522, p.4 (La.App. 2 Cir. 4/4/01), 784 So.2d 685, 689 ("We do note that Ms. Cahill may have been entitled to reimbursement for the monthly rental value had she made formal demand for occupancy and been refused. *See McCarroll v. McCarroll*, 96-2700 (La. 10/21/97), 701 So.2d 1280; *Juneau v. Laborde*, 228 La. 410, 82 So.2d 693 (La.1955).")

Notwithstanding the application of La.R.S. 9:374, we find no error in the trial court's conclusion that Ms. Kendrick was not forcibly evicted from the former family home and therefore was not denied occupancy. Although Ms. Kendrick may not have left the former family home voluntarily, the record supports the trial court's conclusion that she left because she did not have the financial wherewithal to pay the utility bills. Further, although Ms. Kendrick testified that Mr. Kendick agreed to "maintain the bills" until "the divorce was filed," it was within the trial court's purview to either reject Ms. Kendrick's testimony on this issue or determine that the time period for any such agreement had passed. Thus, the

record supports the trial court's conclusion that Mr. Kendrick had no obligation to pay the utility bills for the former family home.

Accordingly, we find no error in the trial court's conclusion that Ms. Kendrick was not due an off-set for rent during Mr. Kendrick's occupancy of the former family home and no error in the trial court's award of reimbursement for one-half of the mortgage payments made by Mr. Kendrick.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, the judgment of the trial court signed on July 29, 2013, is affirmed. Costs of this appeal are assessed to the appellant, Ruthie Paul Kendrick.

**AFFIRMED.**