IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In re* the Marriage of:

WENDY N. FERRILL, *Petitioner/Appellant/Cross-Appellee*,

*v.*

GERALD W. FERRILL, *Respondent/Appellee/Cross-Appellant*.

No. 1 CA-CV 21-0553 FC
FILED 6-30-2022

Appeal from the Superior Court in Maricopa County
No. FN2019-092893
The Honorable Adele Ponce, Judge

**AFFIRMED IN PART/VACATED IN PART AND REMANDED**

COUNSEL

Horne Slaton Roebuck PLLC, Scottsdale
By Thomas C. Horne, Esq.
*Co-Counsel for Plaintiff/Appellant/Cross-Appellee*

Voegele Anson Law, LLC, Omaha, NE
By Heather Voegele Anson, *Pro Hac Vice* Counsel
*Co-Counsel for Plaintiff/Appellant/Cross-Appellee*

Morse Law Group, P.C., Phoenix
By Judith A. Morse, Esq.
*Counsel for Respondent/Appellee/Cross-Appellant*

---

**OPINION**

---

Presiding Judge Paul J. McMurdie delivered the Court's opinion, in which Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

**¶1** Wendy Ferrill ("Wife") appeals from the superior court's dissolution decree denying her request for reimbursement for payments she made toward a community mortgage after service of the dissolution petition. Gerald Ferrill ("Husband") cross-appeals, arguing the court abused its discretion by failing to grant his request to enter the marital home to inventory property and refusing to award his attorney's fees and costs under A.R.S. § 25-324(A).

**¶2** We hold that when a party occupying a community residence seeks reimbursement[1] for community mortgage payments paid with separate funds after service of the dissolution petition, the court has the discretion to offset the reimbursement by up to one-half of the home's fair rental value under equitable principles, but only if the occupying spouse ousted the other. In this case, the court erroneously denied Wife's reimbursement claim because it found Wife benefitted from living "alone" in the home pending the dissolution without applying other equitable principles. Thus, we reverse and remand for the court to apply the equitable principles discussed in this opinion to resolve Wife's reimbursement claim. We otherwise affirm.

## FACTS AND PROCEDURAL HISTORY

**¶3** The parties were married in 1990. In July 2019, Husband moved out of the marital home. In October 2019, Wife petitioned to dissolve the marriage but remained in the home, serving Husband with the petition that same month. She then made monthly payments with her separate funds for the community mortgage on the home, totaling about $74,000 in principal and interest.

---

[1] Courts also call this claim type "contribution." For ease and consistency, we call it reimbursement.

¶4        In April 2021, Husband moved for a discovery order to permit him to enter the marital home to inventory the community's personal property. Wife objected, claiming that Husband had retrieved some of his personal property from the house shortly after moving out and returned to collect more of his belongings in January 2020. The court did not rule on the motion, and Husband did not reenter the home. *See State v. Hill*, 174 Ariz. 313, 323 (1993) (If the trial court fails to rule on a motion, it is denied by law.).

¶5        At the trial, Wife requested reimbursement for paying the community mortgage with her separate funds while the dissolution proceedings were pending. Husband countered that any credit to Wife for paying the mortgage should be offset because she had exclusive possession of the home while paying the mortgage.[2] Husband also requested attorney's fees, arguing Wife earned more than three times his salary and had taken unreasonable positions throughout the case.

¶6        The superior court entered a dissolution decree (1) denying Wife reimbursement for the mortgage payments she made with separate funds because she had exclusive use of the home, (2) ordering the parties to cooperate to make a complete list of all household community property before alternately selecting items to be awarded as separate property, and (3) denying Husband's request for attorney's fees.

¶7        Wife appealed, and Husband cross-appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1), -120.21(A)(1), and Arizona Rule of Family Law Procedure 78(c).

## DISCUSSION

¶8        Without an abuse of discretion, we will not disturb the superior court's discovery rulings, *Johnson v. Provoyeur*, 245 Ariz. 239, 241–42, ¶ 8 (App. 2018), division of property, *Hammett v. Hammett*, 247 Ariz. 556, 559, ¶ 13 (App. 2019), or denial of attorney's fees under A.R.S. § 25-324, *Hefner v. Hefner*, 248 Ariz. 54, 57, ¶ 6 (App. 2019). We view the facts in the light most favorable to upholding the superior court's ruling. *Ball v. Ball*, 250 Ariz. 273, 275, ¶ 1, n.1 (App. 2020).

---

[2]       Alternatively, Husband claimed the payments should be treated as temporary spousal maintenance. The court rejected the alternative theory.

**A.** **When a Spouse Pays a Community Debt with Separate Funds Following Service of the Dissolution Petition, the Superior Court Must Account for the Payments in its Equitable Division of Property and Debt.**

**¶9**        Wife argues she is entitled to reimbursement from Husband for his share of the mortgage payments she made with her separate money after the service of the dissolution petition. *See Bobrow v. Bobrow*, 241 Ariz. 592, 596, ¶ 19 (App. 2017). Husband argues that it was within the superior court's discretion to offset any reimbursement due to Wife by the value of the benefit Wife received by having exclusive possession of the marital home. We agree that a court has the discretion to offset a reimbursement claim, but such an allocation must be based on the fair market rental value of the home, not an indeterminate exclusive-use value.

**¶10**        When one spouse uses separate property to pay community debt during the marriage, we presume the payment is a gift to the community. *Baum v. Baum*, 120 Ariz. 140, 146 (App. 1978). But we do not assume that post-service payments toward community debt with separate funds are a gift to the community. *Bobrow*, 241 Ariz. at 596, ¶¶ 15, 19. Thus, when a party voluntarily makes post-service payments toward community debt with separate funds, the superior court must account for the payments in its equitable property distribution. *Id.*

**¶11**        A paying spouse is generally entitled to reimbursement for the expenditure of separate funds on community debt. The reimbursement claim exists even if the paying spouse continues to occupy the marital property post-service. Yet a spouse who left the marital property may be entitled to an offset against such a reimbursement claim, but only if the occupying spouse ousted the leaving spouse from the marital property. If there was an ouster, the leaving spouse is entitled to an offset toward the reimbursement claim up to one-half of the fair market rental value of the home. But if there was no ouster, the leaving spouse is not entitled to an offset.

      **1.** **One Party's Continued Occupation and Use of a Community Asset Following Service of a Dissolution Petition Does Not Prevent that Party from Making a Reimbursement Claim.**

**¶12**        In a dissolution decree, the superior court must "divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind, without regard to marital misconduct." A.R.S. § 25-318(A). This equitable distribution means "all forms of jointly

4

held marital property are treated alike." *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 15, n.4 (App. 2010). "Arizona has long recognized that the general rules of joint tenancy apply between husband and wife." *Valladee v. Valladee*, 149 Ariz. 304, 309 (App. 1986); *but see*, *Toth v. Toth*, 190 Ariz. 218, 220 (1997) ("Joint tenancy property is separate, not community, property."); *id.* at 224 (Moeller, J., dissenting) ("Joint tenancy property is not identical to community property."). And under the general rules of joint tenancy, a tenant has a right to reimbursement from a cotenant for expenditures or obligations made to benefit the property held as joint tenants. *Valladee*, 149 Ariz. at 309. But before a joint tenant can claim a right to reimbursement, it must appear that a common obligation or liability existed among the joint tenants when the contributing tenant made the expenditure or incurred the debt. *Id.*

¶**13**     Under these equitable principles, a spouse claiming reimbursement must prove that he or she made payments toward maintaining or improving the community property with separate funds. Here, Wife made the mortgage payments on a community asset with separate funds after serving the dissolution petition. Husband does not dispute the character of the funds or that the mortgage debt was a community obligation. Thus, Wife met her burden for reimbursement.

### 2. The Court Must Determine whether Wife Ousted Husband and, if so, when the Ouster Occurred.

¶**14**     Ouster is a defense to a reimbursement claim. *See Morga v. Friedlander*, 140 Ariz. 206, 209–10 (App. 1984). Occupation of the whole property by one joint tenant standing alone is never presumed to be adverse to the other joint tenant. *Id.* at 208. A tenant can prove ouster through any facts establishing that an occupying joint tenant "has claimed as an individual more than his due" as a joint tenant. *Id.* at 208.

¶**15**     Similarly, each spouse generally retains the right to use community assets after the service of a dissolution petition. A.R.S. § 25-211(B)(1), (B)(3) (The service of a petition for dissolution does not alter the status of community property or the duties and rights of either spouse about the management of community property unless prescribed under A.R.S. § 25-315(A)(1)(a).). Because parties have a right to use community property, one party's use of the property alone does not provide a basis for denying that party's right to reimbursement for paying a community debt with separate funds. *See Nuss v. Nuss*, 828 P.2d 627, 630 (Wash. 1992) (expressing doubt that a spouse could ever be charged rent for occupying a portion of community real property pending dissolution). This rule aligns

with A.R.S § 25-315(A)(1)(a), which permits parties to use community property to provide for the necessities of life following a petition for dissolution. It would be incongruous to allow a spouse to use community funds to rent a new residence after moving out of the community home but require the party who remains in the community home to, in essence, pay rent to the community.

**¶16**     In deciding whether a party may be liable for a portion of rent for occupying the community home after a dissolution petition has been served, courts frame the issue as dependent upon whether one spouse has denied the other's right to occupy the marital home. *See Hertz v. Hertz*, 657 P.2d 1169, 1178–79, ¶ 38 (N.M. 1983) ("The occupation of one, so long as he does not exclude the other, is but the exercise of a legal right."). The rationale is that because each party may occupy the entire property, he or she is liable to the other party only if the other party is ousted or otherwise excluded from the property. *Id.*

**¶17**     Other courts have held that one party's continued occupation of a marital home could lead to a constructive ouster because "the emotions of divorce make it impossible for spouses to continue to share the marital residence pending a property division." *Olivas v. Olivas*, 780 P.2d 640, 643, ¶ 7 (N.M. App. 1989); *see also Stylianopoulos v. Stylianopoulos*, 455 N.E.2d 477, 480 (Mass. App. 1983). At least one jurisdiction presumes, subject to rebuttal, that when a spouse continues to reside in the community home after the other moves out, the leaving spouse has been ousted. *Stylianopoulos*, 455 N.E.2d at 480 (noting "it is at least an improbable supposition that a divorced person who remains in the marital home would tolerate the continued residence under the same roof of the former spouse. Feelings which attend divorce are usually more intense than all that."). But Arizona has not adopted such a presumption and whether an ouster has occurred turns on the facts of each case.

**¶18**     In determining whether one spouse has ousted the other from the marital home, a court should consider the various factors often present in dissolution cases. Based on the nature of divorce, a court may find that a party was ousted from the marital home without finding that the excluded party tried to continue to occupy the home. *See Stylianopoulos*, 455 N.E.2d at 480. The court may base its finding of exclusion on any evidence that one party possessed the property with the intent to occupy the premises in a way that excludes or denies the rights of the other. *See e.g.*, *Collier v. Welker*, 199 S.E.2d 691, 695 (N.C. App. 1973) (characterizing constructive ouster as "a disseizing by one tenant of his cotenant . . . by an act or series of acts which indicate a decisive intent and purpose to occupy the premises to the

exclusion and in denial of the right of the other."); *Philmon v. Philmon*, (La. App.), 886 So. 2d 1222, 1226 (2004) (recognizing "a co-owner, who has been deprived of the right of possession by reason of his co-owner's exclusive occupancy, may claim damages from the date upon which he has demanded occupancy and has been refused by the possessor.").

¶19  Here, however, the superior court did not decide whether Wife ousted Husband from the marital home. Conflicting evidence shows that Husband voluntarily stopped living at the home before the service of the petition, and he returned unabetted to retrieve some property. Later, Wife denied him access when he requested to inventory the community property within the home. Given this record, it is unclear whether Wife ousted Husband from the home and, if so, when that occurred. On remand, the court must determine whether Husband was ousted and when.

### 3. The Court Must Determine the Home's Reasonable Fair Market Rental Value to Apply a Credit Toward a Reimbursement Claim.

¶20  A party claiming an offset to a reimbursement claim for mortgage payments toward a community home has the burden to show ouster and the reasonable, fair market rental value of the home. Husband asserted in his pretrial statement that Wife had exclusive use and possession of the marital home and that he had not resided in or had access to the house since July 2019. He argued that because he could not access the home, any reimbursement to the mortgage payments sought by Wife should be reduced and that he should owe her no reimbursement.

¶21  The community owns the entire marital home throughout the marriage. *See Sigmund v. Rea*, 226 Ariz. 373, 376, ¶¶ 11–12 (App. 2011). If a court determines that equity requires an equal property division upon dissolution, each party is entitled to a one-half interest in the property. Given that the superior court determined that "an equal division of community property [was] appropriate to achieve equity" in this case, if the court determines that Husband is entitled to an offset on the reimbursement claim, it is valued at up to one-half the reasonable rental value of the marital home. *See Olivas*, 780 P.2d at 648, ¶ 32 (J. Donnelly, concurring) (When one party is excluded from the marital home, the value of the right denied is measured by half the reasonable rental value of the home.). Neither Husband nor Wife introduced evidence of the reasonable rental value of the marital home. Because the record lacks evidence establishing the value of Husband's asserted loss, if the court finds an ouster, it must determine the home's rental value to apply the appropriate credit.

¶22 We recognize that a retroactive rent assessment credit toward reimbursement might prejudice an occupying spouse who cannot make informed and meaningful decisions about his or her finances and housing while awaiting the dissolution decree. *See Philmon*, 886 So. 2d at 1227. To avoid such uncertainty, a party may request temporary orders granting the temporary right to exclusive possession of the community home and corresponding financial responsibility. A.R.S. § 25-315(E) (The court may make interim orders respecting the property of the parties, as may be necessary.); *see Barron v. Barron*, 246 Ariz. 580, 591, ¶ 43 (App. 2018) (*Bobrow* did not alter the superior court's discretion to grant temporary spousal maintenance.), *vacated in part on other grounds*, 246 Ariz. 449, ¶ 19 (2019).

## B. The Superior Court Did Not Err by Denying Husband's Request to Enter the Marital Home to Inventory Community Property.

¶23 Husband cross-appeals arguing that the court erred by denying his discovery request to enter the community home to inventory the community personal property located within the home. *See* Ariz. R. Fam. L. P. 62(a)(2). But Arizona Rule of Family Law Procedure 51(b)(1)(B) requires the superior court to limit discovery otherwise allowed by the rules under certain conditions, including if the court finds (1) the discovery sought is unreasonably cumulative or duplicative, can be obtained from another source that is more convenient, less burdensome, or less expensive, (2) seeks information that the party has had ample opportunity to obtain, or (3) that the burden of the discovery outweighs its likely benefit.

¶24 Husband fails to show that the court abused its discretion. Before making the discovery request, Husband visited the home to view and retrieve some of the disputed property. The court ultimately ordered the parties to cooperate to make a complete list of all household community property before alternately selecting items to be awarded as separate property. Husband has not shown reversible error. Ariz. R. Fam. Law P. 86.

## C. The Superior Court Did Not Err by Failing to Award Husband Attorney's Fees.

¶25 Husband asserts that Wife took unreasonable positions throughout this case and earns at least three times more than he does and that the court, therefore, abused its discretion by denying his request for attorney's fees under A.R.S. § 25-324. But after considering the financial resources of the parties and the reasonableness of their positions, an award of attorney's fees is discretionary with the court. A.R.S. § 25-324(A) (A court "*may* order a party to pay a reasonable amount to the other party for the

costs and expenses of maintaining or defending any proceeding under this chapter.") (emphasis added). Balancing and evaluating factors pertinent to an award of attorney's fees is within the superior court's discretion, and this court will not substitute its discretion for that of the superior court. *Johns v. Ariz. Dept. of Econ. Sec.*, 169 Ariz. 75, 81 (App. 1991). The court did not abuse its discretion.

**ATTORNEY'S FEES**

**¶26**       Husband requests his attorney's fees on appeal under A.R.S. § 25-324. At our discretion, we decline to award fees. Wife is the successful party, and we award her costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶27**       We vacate the portion of the decree dealing with Wife's reimbursement claim and remand for proceedings consistent with this opinion. We otherwise affirm the decree.



AMY M. WOOD • Clerk of the Court
FILED:    AA

9