IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 33642

WILLIAM H. BREWER, a married man, )
and ROBERT D. BREWER, a married man, )
)
    Plaintiffs-Appellants, )
v. )
)
WASHINGTON RSA NO. 8 LIMITED )
PARTNERSHIP    d/b/a    INLAND )
CELLULAR, a Washington corporation, )
)
    Defendant-Respondent, )
)
and )
)
MADLYNN KINZER, an unmarried woman, )    Lewiston, March 2008
and    JOHN    BREWER,    CLARK )
COMMUNICATIONS, an Idaho corporation, )    2008 Opinion No. 64
STATE OF IDAHO, DEPARTMENT OF )
ADMINISTRATION,    a    governmental )    Filed: May 7, 2008
entity, PULLMAN TV CABLE COMPANY, )
INC.,    a    Washington    corporation, )    Stephen W. Kenyon, Clerk
PINNACLE TOWERS, INC., a )
Delaware corporation, LATAH COUNTY, an )
Idaho    governmental    entity,    AVISTA )
CORPORATION, a Washington )
corporation, PAT MACKELVIE d/b/a/ )
MACKELVIE    ADVERTISING, INC., an )
Idaho corporation, RADIO PALOUSE, INC., )
a Washington corporation, NORTHWEST )
MICROWAVE SYSTEM, a Washington )
corporation, and KEITH RATHBUN d/b/a )
RATHBUN COMMUNICATIONS, )
)
    Defendants. )
)

Appeal from the District Court of the Second Judicial District, State of Idaho,
Latah County. Hon. John R. Stegner, District Judge.

District court order granting summary judgment, affirmed in part, vacated in part
and remanded.

1

Clark & Feeney, Lewiston, for appellants.  Paul Thomas Clark argued.

Creason, Moore, Dokken, PLLC, Lewiston, for respondents.  Mark Moorer argued.

———————————————————

BURDICK, Justice

Appellants William and Robert Brewer appeal a district court order granting Respondent Inland Cellular summary judgment on their rescission and unjust enrichment claims.  We reverse in part, affirm in part, and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Brothers William and Robert Brewer (the Brewers) are tenants in common with their aunt, Madlynn Kinzer, and other family members of property located on Moscow Mountain, Latah County.  The Brewers each own a collective, undivided one-sixth interest in the property, and Kinzer owns an undivided, one-third interest in the property.  The other family members own the remaining interests.

Since the late 1980s, before the Brewers acquired their interest, Kinzer has acted as manager of the property.  Various companies, including Inland Cellular, entered into leases with Kinzer to operate microwave communication towers on the property.  Inland Cellular's lease is for the use of a specific fifty feet square portion of the property and an easement to access that parcel.  The Brewers never authorized Kinzer to enter into any of the leases, and prior to signing the leases, Kinzer never spoke with her nephews regarding the leases.  Kinzer sent the Brewers their share of the proceeds from many of the leases; however, Kinzer retained all of the proceeds from the lease with Inland Cellular as her fee for managing the property.  Although the Brewers requested copies of the leases from Kinzer, she did not send them.

Subsequently, the Brewers brought this action against Kinzer, the other tenants in common and the various lease holders for breach of contract, breach of fiduciary duty, constructive fraud, accounting, rescission of leases, and unjust enrichment.  The district court granted Inland Cellular's motion for summary judgment as to the Brewers' claim for unjust enrichment.  It also determined that the Brewers were not entitled to rescind the Inland Cellular lease, as partition was their exclusive remedy.  The Brewers appealed.

2

## II. STANDARD OF REVIEW

In an appeal from an order granting summary judgment, this Court's standard of review is the same as the standard used by the district court in passing upon a motion for summary judgment. *Kolln v. Saint Luke's Regl. Med. Ctr.*, 130 Idaho 323, 327, 940 P.2d 1142, 1146 (1997). "Summary judgment is appropriate if the pleadings, affidavits, and discovery documents on file with the court, read in a light most favorable to the nonmoving party, demonstrate no material issue of fact such that the moving party is entitled to a judgment as a matter of law." *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988) (citing I.R.C.P. 56(c)). "In making this determination, all allegations of fact in the record, and all reasonable inferences from the record are construed in the light most favorable to the party opposing the motion." *City of Kellogg v. Mission Mountain Interests Ltd.*, 135 Idaho 239, 243, 16 P.3d 915, 919 (2000). If the evidence reveals no genuine issue as to any material fact, then all that remains is a question of law over which this Court exercises free review. *Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 175, 923 P.2d 416, 420 (1996).

## III. ANALYSIS

The Brewers raise two issues in their appeal. First, they argue the district court erred when it determined that their exclusive remedy was for partition rather than rescission of the lease with Inland Cellular. Second, they contend the district court incorrectly shifted to them the burden to prove a genuine issue of material fact as to the unjust enrichment claim when Inland Cellular was the moving party. We will address each issue in turn.

**A. The district court erred when it determined partition is the Brewers' exclusive remedy.**

The Brewers assert that as a matter of law, in order to make a binding lease all tenants must act, and an unauthorized lease is without force and is invalid; co-tenants may void unauthorized leases and may regard the lessee as a trespasser. Therefore, they argue, it was error for the district court to determine partition was their sole remedy.

We hold the district court erred when it determined that partition was the sole remedy. When deciding the various motions for summary judgment, the district court noted that the Brewers had not ratified the lease with Inland Cellular, as they had done with other lessees. Nonetheless, it determined the Brewers were not entitled to rescission of that lease, as partition of the tenancy in common was their exclusive remedy. Since the Brewers had not sought partition of the property, the court granted summary judgment to Inland Cellular.

3

Although a co-tenant has the right to lease their individual interest in the common property, a co-tenant has no power to lease the entire estate or a specific portion of the entire estate without the consent of the other tenants. 20 Am. Jur. 2d *Cotenancy & Joint Ownership* § 100 (2005). An ousted co-tenant has three available remedies under Idaho law. Such a contract may be voidable by the non-leasing tenants in common. *See id.* Excluded tenants in common may also seek the fair rental value of common property. *See Cox v. Cox*, 138 Idaho 881, 886, 71 P.3d 1028, 1033 (2003). Finally, co-tenants ousted by the lease of the common property (or some portion thereof) to another party by one co-tenant may seek partition of the property. *See* I.C. § 6-501 *et seq.*; *Morga v. Friedlander*, 680 P.2d 1267, 1270 (Ariz. 1984); *Jackson v. Low Cost Auto Parts*, 544 P.2d 1116, 1117-18 (Ariz. Ct. App. 1976); *Quinlan Invest. Co. v. Meehan Cos.*, 430 N.W.2d 805, 808 (Mich. Ct. App. 1988); *Bangen v. Bartelson*, 553 N.W.2d 754, 759 (N.D. 1996); *Carr v. Deking*, 765 P.2d 40, 43 (Wash. Ct. App. 1988); *see also* 20 Am. Jur. 2d *Cotenancy & Joint Ownership* § 101 (2005). Each of these remedies is equitable in nature, and the district court must examine all the interests involved before determining which remedy is appropriate for the situation.

Here, the Inland Cellular lease was for a specific portion of the land to the exclusion of other co-tenants. Although the lease is binding between Kinzer, Inland Cellular and the co-tenants who ratified the lease, the Brewers may seek rescission of the lease as a potential remedy. However, because the district court determined that partition was the exclusive remedy, it failed to balance the equities to determine if rescission was the appropriate remedy. As such, we vacate the district court's decision and remand the case for the district court to consider whether rescission is the appropriate remedy in this instance.

**B. The district court correctly granted Inland Cellular's motion for summary judgment on the Brewers' unjust enrichment claim.**

Next, the Brewers argue that when deciding Inland Cellular's motion for summary judgment the district court incorrectly shifted the burden to them to prove their claims when Inland Cellular was the moving party and had the burden to prove an absence of material facts. The Brewers contend Inland Cellular did not meet its initial burden as its motion for summary judgment on the unjust enrichment claim was based on affirmative defenses, rather than on an absence of material fact.

At summary judgment the burden of proving the absence of material facts is upon the moving party. *Thomson v. City of Lewiston,* 137 Idaho 473, 476, 50 P.3d 488, 491 (2002). The

4

adverse party, however, may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. I.R.C.P. 56(e); *Edmunds v. Kraner*, 142 Idaho 867, 876, 136 P.3d 338, 347 (2006). The nonmoving party must submit more than just conclusory assertions that an issue of material fact exists to establish a genuine issue. *Northwest Bec-Corp v. Home Living Serv.*, 136 Idaho 835, 838, 41 P.3d 263, 266 (2002). Therefore, the "moving party is entitled to a judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Badell*, 115 Idaho at 102, 765 P.2d at 127.

A prima facie case of unjust enrichment consists of three elements: (1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof. *Aberdeen-Springfield Canal Co. v. Peiper*, 133 Idaho 82, 88, 982 P.2d 917, 923 (1999).

In support of its motion for summary judgment, Inland Cellular argued the Brewers could not prove the elements of unjust enrichment. In response, the Brewers provided no evidence that they had conferred a benefit on Inland Cellular or that it had received a benefit. Instead, they merely asserted that Inland Cellular's use of the land was a benefit and that it was receiving a below market lease.

The district court then granted Inland Cellular's motion for summary judgment. It determined that the Brewers could not make a prima facie case for unjust enrichment. It noted that there were no facts in the record suggesting Inland Cellular had received a below-market lease or that it had received a benefit that would be inequitable for it to retain.

Here, as the plaintiffs, the Brewers bore the burden of proving unjust enrichment at trial. They also had the burden at summary judgment to show a genuine issue of material fact as to the elements of unjust enrichment because Inland Cellular had shown that the Brewers could not raise a genuine issue of material fact as to any of the three elements of unjust enrichment. They failed to point to a single fact in the record either below or on appeal that creates a genuine issue of material fact. Instead, they merely made unsubstantiated allegations relating to the lease. Therefore, we affirm the district court order granting Inland Cellular summary judgment on the unjust enrichment claim.

**C. Attorney's Fees**

The Brewers also request attorney's fees pursuant to I.C. § 12-121. That statute authorizes the award of attorney's fees to the prevailing party if the other party brought or defended the appeal frivolously, unreasonably, or without foundation. *Capstar Radio Operating Co. v. Lawrence,* 143 Idaho 704, 709, 152 P.3d 575, 580 (2007). Inland Cellular did not defend this appeal frivolously, unreasonably or without foundation. Therefore, we decline to award the Brewers attorney fees.

## IV. CONCLUSION

We reverse the district court's determination that partition of the property is the Brewer's exclusive remedy and remand. Additionally, we affirm the district court's order granting Inland Cellular's motion for summary judgment on the Brewers' unjust enrichment claim. Finally, we decline to award the Brewers attorney's fees.

Chief Justice EISMANN and Justices W. JONES and TROUT, Pro Tem, **CONCUR.**

J. JONES, J., specially concurring,

I concur in the Court's opinion but think it appropriate to mention an issue not particularly addressed by the parties – the timeliness of the Brewers' action.

The Brewers acquired their interest in the real property at issue pursuant to a probate decree dated July 6, 1992. The Inland Cellular lease was entered into on January 27, 1995, with a five-year term and a five-year renewal option. The lease appears to have been twice renewed, because counsel notified the Court in oral argument that the lease was then in effect. The Brewers began raising questions about the various property leases after the summer of 2000. This lawsuit was filed on June 15, 2001, during the first renewal period of this lease. It does appear that the Brewers tried, without much success, to find out what was going on with the property prior to filing their suit. However, it would seem that they could have exercised substantially more diligence in their efforts. After all, Kinzer began entering into leases for the property in 1978 and continued without apparent question until the fall of 2000. After the Brewers acquired their interest in the property in 1992 and throughout the remainder of the 1990's, inquiry would have shown that Kinzer had leased the property for a number of communication facilities. A visit to the property would likely have disclosed the existence of several communication facilities. There is no indication that Inland Cellular's predecessor in

6

interest attempted to conceal the construction of its facility on the property.  Things that come to mind at this point are concepts such as laches or the weighing of equities.

While Inland Cellular's predecessor should have obtained the approval of all tenants in common when it negotiated the lease for the property, the inordinate passage of time, combined with the construction and operation of the facility on the property, will make this a difficult situation to unwind.  This is not an issue that can be determined on this appeal, but it is one that will hopefully be fully aired on remand.