# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44612

LINCOLN LAND COMPANY, LLC, an
Idaho limited liability company,

    Plaintiff-Appellant-Cross Respondent,

v.

LP BROADBAND, INC., a Colorado
corporation, successor by merger to
MicroServ, Inc., an Idaho corporation,

    Defendant-Respondent-
    Cross Appellant.

_____

LP BROADBAND, INC.,

    Third Party Plaintiff-Respondent,

v.

GENERAL MILLS, INC. and GENERAL
MILLS OPERATIONS, LLC,

    Third Party Defendants-Respondents.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Twin Falls, November 2017 Term

2017 Opinion No. 135

Filed: December 26, 2017

Karel A. Lehrman, Clerk

Appeal from the District Court of the Seventh Judicial District of the
State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

The district court's judgment is <u>affirmed</u>. Costs on appeal are <u>awarded</u>
to respondent.

Fuller & Beck Law Offices, PLLC, Idaho Falls, for appellant Lincoln
Land Company, LLC. Mark R. Fuller argued.

Swafford Law, P.C., Idaho Falls for respondent/cross-appellant
LP Broadband. Larren K. Covert argued.

Givens Pursley, LLP, Boise, for respondents/cross-appellants
General Mills. Alexander P. McLaughlin argued.

_____

1

JONES, J.

## I. NATURE OF THE CASE

In a case arising out of Bonneville County, Lincoln Land Company, LLC ("Lincoln Land"), appeals a district court's judgment, which dismissed Lincoln Land's complaint. LP Broadband cross-appeals the district court's denial of LP Broadband's motion for attorney fees.

The dispute arose over LP Broadband's placement and use of antenna equipment on the rooftop of a grain silo that is owned by Lincoln Land, but leased to General Mills. General Mills had allowed MicroServ Computer Technologies, Inc., ("MicroServ") (which merged with LP Broadband in 2013) to utilize the rooftop space on the property since March 2000, in exchange for $50 per month. Lincoln Land subsequently purchased the grain silos and, in 2010, executed a lease agreement with General Mills, which specifically prohibited a sublease of the property without prior written consent from Lincoln Land. Notwithstanding the lease provision, General Mills continued to sublease the rooftop space to LP Broadband. Upon discovering that LP Broadband was using the rooftop space, Lincoln Land filed a complaint against LP Broadband for unjust enrichment. Therein, Lincoln Land argued that it had conferred a benefit to LP Broadband and that it would be inequitable for LP Broadband to retain such a benefit without compensating Lincoln Land. The district court dismissed the complaint after concluding that Lincoln Land failed to establish that it—not General Mills—had conferred the benefit to LP Broadband.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In March 2000, MicroServ and General Mills entered into an agreement that permitted MicroServ to utilize grain silo rooftop space for $50 per month (the "Rooftop Agreement"). At the time, the grain silos were owned by Evan's Grain and Elevator Company but leased to General Mills. The Rooftop Agreement allowed MicroServ to use the rooftop of the grain elevators for a period of no less than three years, and up to five years with annual renewals after the first three years.

In March 2006, Lincoln Land purchased the property from Evan's Grain and Elevator Company. In June 2010, Lincoln Land leased the property and elevators to General Mills. The lease agreement prohibited General Mills from subletting the property without prior written consent from Lincoln Land. Despite the lease provision, MicroServ, and subsequently LP

Broadband,[1] utilized the rooftops between July 2010 and April 2014 without Lincoln Land's knowledge or consent. LP Broadband made monthly rental payments to General Mills.

After learning of LP Broadband's use of the rooftops, Lincoln Land filed a complaint alleging that LP Broadband had been unjustly enriched through its use of Lincoln Land's property. LP Broadband filed a third-party complaint against General Mills seeking indemnification.

Subsequently, Lincoln Land moved for partial summary judgment on its unjust enrichment claim with the amount of unjust enrichment to be determined at trial. LP Broadband filed its own motion for summary judgment arguing that Lincoln Land could not make out a prima facie case for unjust enrichment because it was General Mills—not Lincoln Land— that conferred the benefit.

After a hearing, the district court entered its memorandum decision and order wherein it: (1) granted LP Broadband's motion for summary judgment; and (2) dismissed Lincoln Land's complaint. The district court concluded that it was General Mills—not Lincoln Land—that conferred the benefit by granting LP Broadband permission to use the rooftop. The district court reasoned that "[i]f, as Lincoln Land argues, General Mills' decision to permit LP Broadband to use the rooftop was in violation of the Lease Agreement . . . . Such a mistake or alleged breach of contract does not alter the fact that it was General Mills, not Lincoln Land, which conferred the benefit." The district court acknowledged that Lincoln Land supported the allegation that the lease between General Mills and LP Broadband was below market value, but ultimately held that "[b]ecause the benefit was conferred by General Mills and not by Lincoln Land, this [c]ourt need not consider whether the lease payment was below market value." Further, the district court held that, because it granted summary judgment dismissing Lincoln Land's complaint, it did not need to consider LP Broadband's request for indemnification.[2]

LP Broadband then filed a motion requesting attorney fees, which the district court denied. First, the district court held that attorney fees pursuant to Idaho Code section 12-120(3)

---

[1] In May 2013, MicroServ merged with LP Broadband.

[2] LP Broadband and General Mills executed a stipulation dismissing LP Broadband's claims against General Mills with prejudice. However, the agreement recognized that if Lincoln Land's appeal resulted in the revival of Lincoln Land's unjust enrichment claim, it would also revive LP Broadband's claim against General Mills, as well as any rights or defenses of General Mills.

3

were not appropriate because a commercial transaction never occurred between Lincoln Land and LP Broadband (the district court found that the commercial transaction actually occurred between General Mills and LP Broadband). Second, the district court held that attorney fees were not appropriate under Idaho Code section 12-121 because Lincoln Land's claim was not frivolous, unreasonable, or without foundation, *i.e.*, General Mills did not have the authority to sublease the rooftop space to LP Broadband, and Lincoln Land provided evidence that supported its claim that the sublease was below market value. Third, the district court held that LP Broadband could not recover attorney fees under Idaho Code section 12-123 because Lincoln Land's arguments were supported by a good faith argument for an extension of existing law. The district court awarded LP Broadband $136.00 in costs for its initial appearance fee, but declined to award any discretionary costs pursuant to Idaho Rule of Civil Procedure 54(d)(1)(D).

Lincoln Land timely appealed the district court's dismissal of its complaint. LP Broadband filed a timely cross-appeal of the district court's denial of attorney fees.

### III. ISSUES ON APPEAL

1. Whether the district court erred by finding that Lincoln Land did not confer a benefit to LP Broadband.

2. Whether the district court erred by denying LP Broadband's request for attorney fees.

3. Whether any party is entitled to attorney fees on appeal.

### IV. STANDARD OF REVIEW

This Court applies the same standard of review that was used by the trial court in ruling on a motion for summary judgment. *Quemada v. Arizmendez,* 153 Idaho 609, 612, 288 P.3d 826, 829 (2012) (quoting *Vreeken v. Lockwood Eng'g, B. V.,* 148 Idaho 89, 101, 218 P.3d 1150, 1162 (2009)). Summary judgment is proper "if the pleadings, depositions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c)[3]. "[T]his Court construes disputed facts, and all reasonable inferences that can be drawn from the record, in favor of the non-moving party." *Grabicki v. City of Lewiston*, 154 Idaho 686, 690, 302 P.3d 26, 30 (2013) (internal citation omitted).

---

[3]The district court granted summary judgment in May 2016. Effective July 1, 2016, Idaho Rule of Civil Procedure 56 was amended. The relevant portion of the rule now provides: "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a).

4

"The nonmoving party must submit more than just conclusory assertions that an issue of material fact exists to establish a genuine issue." *Nw. Bec–Corp v. Home Living Serv.*, 136 Idaho 835, 838, 41 P.3d 263, 266 (2002) (internal citation omitted). Accordingly, "[t]he moving party is entitled to judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988) (citing *Celotex v. Catrett*, 477 U.S. 317 (1986)).

## V. ANALYSIS

### A. The district court did not err by granting summary judgment to LP Broadband because Lincoln Land did not confer a benefit to LP Broadband.

Lincoln Land argues that the district court erred when it determined that General Mills—not Lincoln Land—conferred a benefit to LP Broadband. Lincoln Land reasons that it was the only party that could legally confer the benefit, *i.e.*, the use of the property, to LP Broadband because the lease between Lincoln Land and General Mills specifically prohibited General Mills from subleasing any portion of the property without prior written consent. Further, Lincoln Land argues that Idaho law does not require a direct link between a plaintiff and a defendant to establish the first element of an unjust enrichment claim. Lincoln Land asserts that the emphasis is on the receipt of a benefit by a defendant, rather than the intentional conferral by a plaintiff. In sum, Lincoln Land argues that LP Broadband received a benefit, and it would be inequitable for LP Broadband to retain the benefit without compensating Lincoln Land.

LP Broadband concedes that it received the benefit of access and use of the rooftop space; however, it contends that this benefit was conferred by General Mills. LP Broadband argues that Idaho case law supports the district court's holding that to satisfy the first element of an unjust enrichment claim the plaintiff must confer an actual benefit to the defendant.

Similarly, General Mills argues that the district court correctly determined that Lincoln Land did not confer a benefit to LP Broadband, but rather, Lincoln Land conferred a benefit to General Mills, which General Mills then conferred to LP Broadband. General Mills contends that mere use of property by a defendant—even unauthorized use—is not a substitute for the requirement that a plaintiff seeking to recover under unjust enrichment theory be the one to actually confer the benefit in question to the defendant.

To establish a claim for unjust enrichment, a plaintiff must prove: "(1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Stevenson v. Windermere Real Estate/Capitol Grp., Inc.*, 152 Idaho 824, 827, 275 P.3d 839, 842 (2012) (internal citation omitted).

In *Stevenson*, the Stevensons attempted to purchase a condominium from Jefferson and, pursuant to the purchase agreement, deposited earnest money with Jefferson's broker, Windermere. *Id.* at 825, 275 P.3d at 840. Upon receiving written authorization from the Stevensons, Windermere transferred the funds to Jefferson, who then paid Windermere a partial commission. *Id.* Jefferson subsequently decided not to sell the condominium and failed to return the Stevensons' earnest money deposit as required by the purchase agreement. *Id.* The Stevensons filed suit, advancing a claim of unjust enrichment against Jefferson and Windermere. *Id.* at 826, 275 P.3d at 841. This Court found that Windermere was not a party to the purchase agreement between the Stevensons and Jefferson, and that "[t]he Stevensons' argument, reduced to its essence, is that because they conferred a benefit upon Jefferson, and Jefferson conferred a benefit upon Windermere, they can cut out the middleman and directly recover from Windermere for unjust enrichment." *Id.* at 827, 275 P.3d at 842. Ultimately, this Court rejected the Stevensons' argument and held that it was Jefferson who conferred the benefit on Windermere. *Id.* at 829, 275 P.3d at 844.

In *MRS*, a dispute arose between two collection agencies, Medical Recovery Services (MRS) and Bonneville Billing and Collections (BBC), who both had outstanding accounts relating to the same debtor. *Medical Recovery Serv., LLC v. Bonneville Billing and Collections, Inc.*, 157 Idaho 395, 396, 336 P.3d 802, 803 (2014). MRS obtained a judgment to garnish the debtor's wages. *Id.* However, the debtor's employer, WSEC, mistakenly sent garnishment of the debtor's wages to BBC instead of MRS. *Id.* at 803–04, 336 P.3d at 803–04. BBC refused to return the money, and MRS filed suit for conversion and unjust enrichment. *Id.* This Court determined that BBC was not unjustly enriched because MRS conferred no benefit to BBC. Specifically, this Court held that "[t]o confer a benefit in the context of unjust enrichment, the plaintiff must give the defendant an interest in money, land, or possessions, or perform services beneficial to, or at the request of, the other." *Id.* at 399, 336 P.3d at 806 (citing 42 C.J.S. *Implied*

*Contracts* § 9). Ultimately, MRS did nothing for the benefit of BBC, instead, the benefit BBC enjoyed was conferred by WSEC when it sent the checks. *Id.*

In *Brewer*, William and Robert Brewer (the Brewers) were tenants in common with their aunt, Kinzer, and various other family members. *Brewer v. Wash. RSA No. 8 Ltd. P'ship*, 145 Idaho 735, 737, 184 P.3d 860, 862 (2008). Kinzer managed the property and entered into various leases, one of which was a lease with Inland Cellular to operate communication towers on the property. *Id.* The Brewers did not authorize the lease, and Kinzer never spoke with the Brewers regarding the lease. *Id.* The Brewers subsequently sued Kinzer, the other tenants in common, and various lease holders, including Inland Cellular, alleging, among other things, unjust enrichment. *Id.* at 738, 184 P.3d at 863. The district court granted Inland Cellular's motion for summary judgment on the claim for unjust enrichment. *Id.* On appeal, this Court held that the Brewers bore the burden of proving their unjust enrichment claim, and "failed to point to a single fact in the record either below or on appeal that creates a genuine issue of material fact." *Id.* at 740, 184 P.3d at 865. Instead, this Court found that the Brewers had "merely made unsubstantiated allegations relating to the lease." *Id.*

On the contrary, in *Idaho Lumber*, Walker leased a building (the "Building") and property from Buck. *Idaho Lumber, Inc. v. Buck*, 109 Idaho 737, 739, 710 P.2d 647, 649 (Ct. App. 1985). Walker and Idaho Lumber executed a contract for Idaho Lumber to remodel the Building. *Id.* Buck knew that Walker was going to remodel the Building but declined to participate. *Id.* Walker defaulted on the remodel contract and his lease with Buck. *Id.* As a result, Idaho Lumber filed an unjust enrichment claim against Buck. *Id.* The district court determined that Buck had been unjustly enriched by the labor and materials that Idaho Lumber supplied. *Id.* The Idaho Court of Appeals affirmed the judgment, and, with respect to the first element of unjust enrichment, held: "[b]ecause the value of [Buck's] property was unquestionably increased by the labor and materials supplied by Idaho Lumber, Buck was enriched at the expense of Idaho Lumber." *Id.* at 746, 710 P.2d at 656.

The crux of this appeal is whether Lincoln Land established that it had conferred a benefit to LP Broadband. Lincoln Land's primary argument is that, because the lease between General Mills and Lincoln Land prevented subleasing, any attempt by General Mills to confer a benefit to LP Broadband was illegal, making LP Broadband's use of the property an appropriation from Lincoln Land. However, Lincoln Land's argument ignores the fact that the

7

lease granted General Mills the right to quiet enjoyment of the entire property. Lincoln Land's interest at the time was a reversionary interest at the expiration of the lease. As a result, at the time LP Broadband received a benefit, Lincoln Land did not have the ability to confer a possessory interest in the property.

At the outset, Lincoln Land argues that the present facts are distinguishable from those in *MRS*. First, Lincoln Land contends that the mistake in *MRS* related to personal property rather than real property, which is an important distinction because pursuant to Idaho Code section 55-607, "a tenant cannot 'mistakenly' transfer a greater estate in real property than the tenant possesses." I.C. § 55-607. Accordingly, Lincoln Land argues that General Mills could not have conferred any real property benefit to LP Broadband. Second, Lincoln Land argues that the basis of the holding in *MRS* is that, at the time of the employer's mistake, MRS had no ownership in the property because the property flowed directly from the employer to BBC. Lincoln Land argues that unlike the circumstances in *MRS*, Lincoln Land did retain the ownership interest in the property that was subsequently given to LP Broadband. However, as stated previously, because of the lease agreement between Lincoln Land and General Mills, Lincoln Land had no possessory interest in the property to confer at the time LP Broadband received that benefit. Instead, it was General Mills that chose to grant LP Broadband the benefit of utilizing the rooftop space.

If General Mills violated the lease agreement by granting LP Broadband access to the rooftops, the obvious cause of action would have been for breach of contract, not unjust enrichment. Just as we found that MRS did not confer a benefit to BBC, we find that Lincoln Land did not confer a benefit to LP Broadband; rather, it was General Mills, even if by mistake or in violation of the lease, that conferred the benefit. *See MRS*, 157 Idaho at 399, 336 P.3d at 806.

Lincoln Land also attempts to distinguish the present facts from this Court's decision in *Brewer*, in which this Court analyzed whether unauthorized use of land could still constitute a benefit conferred in the context of unjust enrichment. *Brewer*, 145 Idaho at 739, 184 P.3d at 864. Initially, Lincoln Land disputes the district court's interpretation of this Court's holding in *Brewer*. In its decision, the district court reasoned that *Brewer* provided further clarification on this Court's application of the first element of an unjust enrichment claim. Specifically, the district court recognized this Court's statement that "the Brewers 'merely asserted that Inland

8

Cellular's use of the land was a benefit' appears to indicate that the Idaho Supreme Court did not consider Inland Cellular's use of the property without the Brewers' authorization to be sufficient, by itself, to establish that the Brewers conferred a benefit on Inland Cellular." Lincoln Land argues that *Brewer* does not stand for this proposition, and that the district court's decision "will only give rise to a claim for unjust enrichment where the unauthorized use was conferred upon the trespasser by the lawful owner (which would of necessity mean the use is no longer unauthorized)." However, this is a mischaracterization of the district court's holding, which simply referenced *Brewer* for the proposition that use of the property without authorization is not sufficient, *by itself*, to establish that a benefit was conferred.

Further, Lincoln Land argues that, unlike the Brewers who failed to establish genuine issues of material fact, Lincoln Land has met its burden because LP Broadband admits that it occupied the premises, installed equipment on the rooftop of the property, and remained upon the property pursuant to a lease with General Mills. Lincoln Land also argues that it has provided factual evidence of the value of the benefit, including the below market rent paid to General Mills and monthly revenue received by LP Broadband. However, Lincoln Land's arguments do not address whether Lincoln Land in fact conferred a benefit to LP Broadband. Instead, Lincoln Land appears to address the third element of unjust enrichment, *i.e.*, whether it would be inequitable to allow LP Broadband to retain the benefit of a below market lease. However, discussion of the third element of unjust enrichment is unnecessary because we affirm the district court's holding that Lincoln Land failed to satisfy the first element of unjust enrichment.

The current posture of the parties aligns closely with the facts set forth in *Stevenson.* The Stevensons argued that "because [the Stevensons] conferred a benefit upon Jefferson, and Jefferson conferred a benefit upon Windermere, they can cut out the middleman and directly recover from Windermere for unjust enrichment." *Stevenson*, 152 Idaho at 827, 275 P.3d at 842. Similarly, Lincoln Land argues that it can cut out the middleman—General Mills—because it conferred a benefit on General Mills, which was then conferred upon LP Broadband. We rejected the Stevensons' argument, and we now reject Lincoln Land's argument on the same basis, *i.e.*, just as the Stevensons could not cut out the middleman—Jefferson—and recover from Windermere, Lincoln Land cannot cut out the middleman—General Mills—and recover from LP Broadband. While Lincoln Land may have suffered a wrongdoing on its property, the proper avenue for relief is simply not a claim for unjust enrichment.

9

We are also unpersuaded by Lincoln Land's argument that this case is analogous to *Idaho Lumber*. Specifically, we find that *Idaho Lumber* is distinguishable from this case for two reasons: (1) the posture of the litigants is completely different; and (2) the nature of the benefit conferred is completely different. First, in *Idaho Lumber* the Idaho Court of Appeals found that Buck, the owner of the property, was unjustly enriched by Idaho Lumber's physical improvements to the building. *Idaho Lumber*, 109 at 746, 710 P.2d at 656. However, here, the owner of the silos—Lincoln Land—is arguing that LP Broadband was unjustly enriched through its use of the property. Thus, the posture of the parties distinguishes this case from *Idaho Lumber*. Second, in *Idaho Lumber*, the benefit conferred upon Buck was the physical improvement of the building. *Id.* However, here, the benefit conferred upon LP Broadband was merely *access* to a rooftop space. General Mills provided such access; therefore, Lincoln Land is not entitled to unjust enrichment.

Ultimately, we affirm the district court's judgment because Lincoln Land has failed to demonstrate that it conferred the benefit upon LP Broadband.

**B.**     **The district court did not err by denying LP Broadband's request for attorney fees.**

This Court reviews an award of attorney fees for an abuse of discretion. *Bryan Trucking, Inc. v. Gier*, 160 Idaho 422, 425, 374 P.3d 585, 588 (2016). To prove an abuse of discretion, this Court looks to three factors: "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistent with legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Fox v. Mountain West Elec., Inc.*, 137 Idaho 703, 711, 52 P.3d 848, 856 (2002) (internal citations omitted).

LP Broadband argues that the district court erred in denying its request for attorney fees because the claim at issue is the result of a commercial transaction. In support of this argument, LP Broadband reasons that Idaho law does not require that the transaction be proven, instead "only . . . the basis of the claim [must] be rooted in a commercial transaction." Further, LP Broadband contends that the district court erred when it determined that this matter was not brought and defended frivolously. Specifically, LP Broadband contends that Lincoln Land's failure to present evidence of a benefit to LP Broadband made its unjust enrichment claim meritless.

Lincoln Land argues that the district court correctly denied LP Broadband's request for attorney fees because there was no commercial transaction between Lincoln Land and LP Broadband. Lincoln Land claims that after LP Broadband successfully argued that no commercial transaction existed, it cannot now characterize the action as one based upon a commercial transaction to obtain attorney fees. Further, Lincoln Land argues that the district court correctly found that its claims were based on a violation of Lincoln Land's rights as owner of the subject property, and that the arguments were supported by a good faith argument for an extension of existing law.

Idaho code section 12-120(3) provides that a prevailing party shall be allowed reasonable attorney fees related to a civil action to recover on a commercial transaction. I.C. § 12-120(3). "The term 'commercial transaction' is defined to mean all transactions except transactions for personal or household purposes." *Id.* "[A]ttorney fees are not appropriate under I.C. § 12-120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Baxter v. Craney*, 135 Idaho 166, 174, 16 P.3d 263, 271 (2000) (citing *Brower v. E.I. DuPont DeNemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990)). Further, this Court has held that "only the parties to the commercial transaction are entitled to attorney fees under I.C. §12-120(3)." *Printcraft Press, Inc. v. Sunnyside Park Utilities, Inc.*, 153 Idaho 440, 461, 283 P.3d 757, 778 (2012). "Whether a district court has correctly determined that a case is based on a 'commercial transaction' for the purpose of I.C. § 12-120(3) is a question of law," over which this Court exercises free review. *Fritts v. Liddle & Moeller Const., Inc.*, 144 Idaho 171, 173, 158 P.3d 947, 949 (2007) (internal citations omitted).

Idaho Code section 12-121 provides:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

I.C. § 12-121. This Court has held that an award of attorney fees pursuant to Idaho Code section 12-121 is not a matter of right, "but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously,

unreasonably, or without foundation." *Hoover v. Hunter*, 150 Idaho 658, 664, 249 P.3d 851, 857 (2011) (internal citation omitted).

Idaho Code section 12-123 allows a court to award reasonable attorney fees to any party adversely affected by frivolous conduct in a civil action. I.C. § 12-123(2)(a). Frivolous conduct is defined as conduct that either: (i) serves to merely harass or maliciously injure another party; or (ii) is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. *Id.* at (1)(b).

Further, I.R.C.P. 54(d) allows for costs to be awarded as a matter of right to the prevailing party.

We find that the district court correctly denied LP Broadband's request for attorney fees under Idaho Code section 12-120(3) because a commercial transaction never occurred between Lincoln Land and LP Broadband. *Printcraft Press*, 153 Idaho at 461, 283 P.3d at 757, 778 ("[O]nly the parties to the commercial transaction" are entitled to attorney fees under Idaho Code section 12-120(3)).

Next, we review whether the district court properly denied LP Broadband's request for attorney fees under Idaho Code section 12-121, when LP Broadband was the prevailing party. The district court determined that Lincoln Land's claim was not frivolous, unreasonable, or without foundation because: (1) General Mills did not have the authority to sublease the rooftop space to LP Broadband; and (2) Lincoln Land's evidence established the below market value of the sublease. We find that the district court perceived its decision—whether to award attorney fees under Idaho Code section 12-121—as one of discretion; acted within the boundaries of its discretion; and reached its decision by an exercise of reason. On the same basis, we find that the district court acted within its discretion to deny LP Broadband's request for attorney fees pursuant to Idaho Code section 12-123 because the district court found that Lincoln Land's arguments were supported by a good faith argument seeking an extension of existing law based on its rights as the property owner.

Last, we hold that the district court correctly concluded that LP Broadband was entitled to its initial filing fee pursuant to I.R.C.P. 54(d)(1)(C)(i).

**C.     No attorney fees awarded on appeal.**

LP Broadband requests attorney fees on appeal pursuant to Idaho Code sections 12-120 and 12-121; Idaho Rule of Civil Procedure 54; Appellate Rules 40 and 41; and all other applicable rules and statutes.

Attorney fees are permissible on appeal to the prevailing party in civil action. I.C. § 12-121. However, "[a]ttorney fees are not appropriate under I.C. §12-121 and I.R.C.P. 54(e) unless all claims brought . . . are frivolous and without foundation." *Anderson v. Goodlife*, 140 Idaho 446, 450, 95 P.3d 64, 68 (2004) (internal citations omitted). Costs are awarded to the prevailing party on appeal "as a matter of course." I.A.R. 40

We decline to award attorney fees on appeal for the same reasons outlined by the district court, *i.e.,* the commercial transaction occurred between General Mills and LP Broadband, not LP Broadband and Lincoln Land. Additionally, Lincoln Land's claims were not frivolous or without foundation; thus, attorney fees are denied pursuant to Idaho Code section 12-121.

LP Broadband, the prevailing party, is awarded costs on appeal pursuant to Idaho Appellate Rule 40.

## VI. CONCLUSION

This Court hereby affirms the district court's judgment and awards costs on appeal to LP Broadband.

Chief Justice BURDICK and Justices JONES, HORTON, BRODY and BEVAN, CONCUR.

13